1  **AKERMAN SENTERFITT LLP**
   DONALD M. SCOTTEN (CA SBN 190532)
2  Email: donald.scotten@akerman.com
   725 South Figueroa Street, 38th Floor
3  Los Angeles, California 90017-5433
   Telephone: (213) 688-9500
4  Facsimile:  (213) 627-6342

5  **AKERMAN SENTERFITT LLP**
   JUSTIN D. BALSER (CA SBN 213478)
6  Email: justin.balser@akerman.com
   VICTORIA E. EDWARDS (CA SBN 269305)
7  Email: victoria.edwards@akerman.com
   511 Sixteenth Street, Suite 420
8  Denver, Colorado 80202
   Telephone: (303) 260-7712
9  Facsimile: (303) 260-7714

10 Attorneys for Defendant
   AMERICAN HOME MORTGAGE
11 SERVICING, INC.

12          **UNITED STATES BANKRUPTCY COURT**

13           **CENTRAL DISTRICT OF CALIFORNIA**

14 MARGARITA GERTRUDIZ NOVOA-          Case No. 1:10-AP-1236-KT
   ALFARO, *an individual*,                  Honorable Kathleen Thompson
15
           Plaintiff,                     **DEFENDANT AMERICAN HOME
16                                        MORTGAGE SERVICING, INC.'S
                                          NOTICE OF MOTION AND
17 v.                                     MOTION TO DISMISS
                                          ADVERSARY PROCEEDING;
18 ARGENT MORTGAGE COMPANY,              MEMORANDUM OF POINTS AND
   LLC., a Delaware, Limited Liability    AUTHORITIES IN SUPPORT
19 Company, PROGRESSIVE FINANCIAL,        THEREOF**
   a California Corporation, TOWN AND
20 COUNTRY TITLE SERVICES, INC, a        **[F.R.C.P. 12(b)(6), F.R.B.P. 7012(B)]**
   California Corporation, AMERICAN
21 HOME MORTGAGE SERVICING,              [Request for Judicial Notice Filed
   INC., a Delaware Corporation, GMAC    Concurrently Herewith]
22 MORTGAGE, LLC, a Delaware Limited
   Liability Company, ACC CAPITAL        Date:  February 3, 2010
23 HOLDINGS, a Delaware Corporation,     Time: 3:00 p.m.
   CITI RESIDENTIAL LENDING, a           Crtrm.: 301
24 Delaware Corporation, HILLWOOD
   ESCROW INCORPORATED, a                Complaint Filed:  June 14, 2010
25 California Corporation, FIDELITY      Trial Date:      None Set
   NATIONAL TITLE COMPANY, a
26 California Corporation, DM
   RESIDENTIAL FUND II LLC, a
27 Delaware Limited Liability Company,
   PARTNERS CAPITAL SOLUTIONS
28 FUND LP, A Delaware Limited
   Partnership, CITIGROUP, a business

*(left margin vertical text)* AKERMAN SENTERFITT LLP  725 S. FIGUEROA STREET, SUITE 3800  LOS ANGELES, CALIFORNIA 90017  TEL.: (213) 688-9500 – FAX: (213) 627-6342

1   entity form unknown, CR TITLE
    SERVICES, DEFAULT RESOLUTION
2   NETWORK, INC, a Business entity form
    unknown, BDR INC., A California
3   Corporation, JON BUXER, an individual,
    COLLEEN RIOJAS, an individual,
4   MORRIS SADE, an individual,
    AMERICAN AUCTIONEERS GROUP,
5   INC., A California Corporation, and All
    Persons Unknown, Claiming Any Legal
6   Or Equitable Right, Title, Estate, Lien, Or
    Interest In The Property Described In The
7   Complaint Adverse To Plaintiffs' Title,
    Or Any Cloud On Plaintiffs' Title
8   Thereto; and DOES 1 through 100,
    inclusive,

9                    Defendants.

10

11

12   **TO THE COURT, ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

13        **PLEASE TAKE NOTICE** that on February 3, 2010, 2010, at 3:00 p.m. or as

14   soon thereafter as may be heard, in Courtroom 301 of the above-entitled Court located

15   at 21041 Burbank Boulevard, Suite 305, Woodland Hills, California 91367, defendant

16   American Home Mortgage Servicing, Inc. (**AHMSI**), will and hereby does move this

17   Court to dismiss the second amended complaint filed by *pro per* plaintiff Margarita

18   Gertrudiz Novoa-Alfaro (**plaintiff**), with prejudice.

19        This motion is made pursuant to Rule 12(b)(6) of the *Federal Rules of Civil*

20   *Procedure*, made applicable to this adversary proceeding by *Federal Rule of*

21   *Bankruptcy Procedure* 7012(b), and is based on the ground that plaintiff fails to state a

22   claim upon which relief may be granted and the complaint is barred as a matter of law

23   against AHMSI.

24        This motion is based upon this notice, the attached memorandum of points and

25   authorities, and upon all papers and documents on file herein, the Court's files

26   concerning this action, together with those facts and documents of which the parties

27   request judicial notice and/or matters which judicial notice is proper, as well as any

28   oral argument that may be presented at the time of the hearing.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

1    Pursuant to Local Rule 7-3, counsel for AHMSI called *pro per* plaintiff on

2 November 3 and 4, 2010, to discuss the substance of this motion and to hold the

3 required meet and confer.  Counsel for AHMSI reached a recorded message and thus

4 could not leave voicemail.  Counsel for AHMSI made several other attempts after that

5 to contact plaintiff, but could not reach her to conduct the necessary meet and confer.

6 DATED:   November 5, 2010          **AKERMAN SENTERFITT LLP**

7                                                   By: /s/ Victoria E. Edwards
8                                                         Justin D. Balser
                                                          Victoria E. Edwards
9                                                   Attorneys for Defendant
                                                    AMERICAN HOME MORTGAGE
10                                                  SERVICING, INC.

AKERMAN SENTERFITT LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TEL.: (213) 688-9500 – FAX: (213) 627-6342

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     RELEVANT FACTS ........................................................................................... 3

III.    STANDARDS OF REVIEW ............................................................................... 5

     **A.**    Fed. R. Civ. P. 12 (b)(6) .......................................................................... 5

     **B.**    Fed. R. Evid. 201 .................................................................................... 6

IV.     ARGUMENT ....................................................................................................... 7

     **A.**    Plaintiff Lacks Standing to Bring This Lawsuit ...................................... 7

     **B.**    Plaintiff's Unclean Hands Bars This Action ............................................ 9

     **C.**    Plaintiff's Failure to Tender Bars the Entire Complaint ........................ 10

     **D.**    Plaintiff Has Failed to Overcome The Presumption of a Valid Foreclosure ........................................................................................... 12

     **E.**    Each of Plaintiff's Causes of Action Fail Independently ....................... 14

          **1.**    Lumping Defendants Together Is Improper Pleading ................... 14

          **2.**    Unfair Business Practices and Deceptive Acts (First and Second Causes of Action) ........................................................................ 15

          **3.**    Unconscionability (Third Cause of Action) ................................. 17

          **4.**    TILA Rescission (Fourth and Eighth Causes of Action) .............. 17

          **5.**    RESPA (Fifth Cause of Action) .................................................. 19

          **6.**    FDCPA (Sixth Cause of Action) ................................................. 20

          **7.**    California *Civil Code* § 2932.5 (Seventh Cause of Action) .......... 21

          **8.**    Fraud (Ninth Cause of Action) ................................................... 22

          **9.**    *Commercial Code* § 9313 (Tenth Cause of Action) .................... 23

          **10.**    Quiet Title (Eleventh Cause of Action) ....................................... 25

          **11.**    Wrongful Foreclosure (Twelfth Cause of Action) ....................... 25

          **12.**    Trespass to Chattel and Conversion (Thirteenth and Fourteenth Causes of Action) ........................................................................ 25

          **13.**    Intentional Infliction of Emotional Distress (Fifteenth Cause of Action) ........................................................................................ 26

          **14.**    Conspiracy (Sixteenth Cause of Action) ..................................... 27

          **15.**    Declaratory Relief (Seventeenth Cause of Action) ...................... 28

1

V.    CONCLUSION ................................................................................28

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Cases**

*6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.*,
   85 Cal.App.4th 1279 (2001) .................................................................... 13

*Abdallah v. United Sav. Bank*,
   43 Cal.App.4th 1101 (1996) .................................................................... 11

*Accuimage Diagnostics Corp. v. Teraracon*,
   260 F.Supp.2d 941 (N.D. Cal. 2003) ...................................................... 28

*Alford v. Wachovia Bank/World Savings*,
   No. CV F 10-0091 LJO SMS, 2010 WL 415260 (E.D. Cal. Jan. 26, 2010) .......... 22

*Alicea v. GE Money Bank*,
   No. C 09-00091 SBA, 2009 WL 2136969 (N.D. Cal. July 16, 2009) .................... 11

*Anaya v. Advisors Lending Group*,
   No. CV F 09-1191 LJO DLB, 2009 WL 2424037 (E.D. Cal. Aug. 5, 2009) .......... 10

*Andrade v. Wachovia Mortgage FSB*,
   No. 09 CV 377 JM(WMc), 2009 WL 111182 (S.D. Cal. April 21, 2009) .............. 25

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
   7 Cal. 4th 503 (1994) ............................................................................... 27

*Arnolds Mgmt. Corp. v. Eischen*,
   158 Cal.App.3d 575 (1984) ...................................................................... 10

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ............................................................................... 6

*Bank of Am. Nat. Tr. & Sav. & Tr. Ass'n v. Reidy*,
   15 Cal.2d 243 (1940) ............................................................................... 13

*Beach v. Ocwen Fed. Bank*,
   523 U.S. 410 (1998) ................................................................................. 18

*Bell Atlantic v. Twombly*,
   550 U.S. 544, 127 S. Ct. 1955 (2007) ....................................................... 5

*Benham v. Aurora Loan Servs. LLC*,
   No. C-09-2059 SC, 2009 WL 2880232 (N.D. Cal. Sept. 1, 2009) ..................... 14

*Blanco v. Am. Home Mortg. Servicing, Inc.*,
   Case No. 2:2009cv00578, 2009 WL 4674904  (E.D. Cal. Dec. 4, 2009) ............. 24

*Bostanian v. Liberty Savs. Bank, F.S.B.*,
   52 Cal.App.4th 1075 (1997) ...................................................................... 7

*Brown v. Busch*,
   152 Cal.App.2d 200 (1957) ...................................................................... 13

*Cal. Grocers Ass'n v. Bank of Am.*,
  22 Cal.App.4th 205 (1994) ...............................................................................17

*Cel-Tech Comm. v. L.A. Cellular Tel. Co.*,
  20 Cal.4th 163 (1999) .......................................................................................16

*Cervantez v. J.C. Penney Co.*,
  24 Cal.3d 579 (1979) ........................................................................................27

*City of Hollister v. Monterey Ins. Co.*,
  165 Cal.App.4th 455 (2008) ..............................................................................28

*Cleveland v. Deutsche Bank Nat'l Trust*,
  No. 08cv0802 JM (NLS), 2009 WL 250017 (S.D. Cal. Feb. 2, 2009) ...................18

*Cloud v. Northrupp Grumman Corp.*,
  67 Cal.App.4th 995 (1998) ..................................................................................7

*Cobb v. Aurora Loan Servs.*, LLC,
  408 B.R. 351 (E.D. Cal. 2009).............................................................................8

*Connors v. Home Loan Corp.*,
  No. 08cv1134-L(LSP), 2009 WL 1615989 (S.D. Cal. June 9, 2009) ...................21

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997)..............................................................................22

*DeRose v. Carswell*,
  196 Cal.App.3d 1011, n.6 (1987)........................................................................27

*Emery v. Visa Int'l Serv. Ass.*,
  95 Cal.App.4th 952 (2002) .................................................................................15

*Fladeboe v. Am. Isuzu Motors Inc.*,
  150 Cal.App.4th 42, 58 Cal.Rptr.3d 225 (2007)....................................................9

*Fonua v. First Allied Funding*,
  No. C 09-497 SI, 2009 WL 816291, n.2 (N.D. Cal. Mar. 27, 2009) ....................20

*G.D. Searle & Co. v. Superior Court*,
  49 Cal.App.3d 22 (1975) ...................................................................................23

*Gamboa v. Trustee Corps, et al.*,
  No. 09-0007 SC, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009) .............................6

*Gen-Probe, Inc. v. Amoco Corp.*,
  926 F.Supp.948 (S.D. Cal. 1996)........................................................................14

*Gentsch v. Ownit Mortgage Solutions Inc.*,
  No. CV F 09-0649 LJO GSA, 2009 WL 1390843 (E.D. Cal. May 14, 2009) ........24

*Gregory v. Albertson's, Inc.*,
  104 Cal.App.4th 845 (2002) ...............................................................................16

*Hafiz v. GreenPoint Mortgage Funding, Inc.*,
  652 F.Supp.2d 1039 (N.D. Cal. 2009)..................................................................14

*Hallas v. Ameriquest Mortgage Co.*,
   406 F.Supp.2d 1176 (D. Or. 2005) ........................................................ 18

*Heimmerman v. First Union Mortgage Corp.*,
   305 F.3d 1257 (11th Cir. 2002) ........................................................... 20

*Hernandez v. First Am. Loanstar Trustee Servs.*,
   No. 10cv00119 BTM(WVG), 2010 WL 1445192 (S.D.Cal. Apr. 12. 2010) ......... 16

*Hester v. Farmers Home Admin.*,
   49 B.R. 593 (Bankr. E.D. Mo. 1985) ....................................................... 8

*Hochstein v. Romero*,
   219 Cal.App.3d 447 (1990) ................................................................ 13

*Humboldt Sav. Bank v. McCleverty*,
   161 Cal.285 (1911) ........................................................................ 10

*Jamgotchian v. Slender*,
   170 Cal.App.4th 1384, 89 Cal.Rptr.3d 122 (Cal.App. 2 Dist. 2009) ............... 26

*Jones v. Wells Fargo Bank*,
   112 Cal.App.4th 1527 (2003) .............................................................. 17

*Jump v. Aurora Loan Servs. LLC, et al.*,
   No. 09 cv 189 W (NLS), 2009 WL 2020128 (S.D. Cal. July 10, 2009) ............. 11

*Karlsen v. Am. Sav. & Loan Ass'n*,
   15 Cal.App.3d 112 (1971) ................................................................. 11

*Khoury v. Maly's of California*,
   14 Cal.App.4th 612 (1993) ................................................................ 16

*Kidron v. Movie Acquisition Corp.*,
   40 Cal.App.4th 1571 (1995) ............................................................... 27

*King v. California*,
   784 F.2d 910 (9th Cir. 1986) .............................................................. 17

*Kiskeskey v. Carpenters' Trust for So. California*,
   144 Cal.App.3d 222 (1983) ................................................................ 27

*Knapp v. Doherty*,
   123 Cal.App.4th 76, 86 fn. 4 (2004) ...................................................... 13

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) .............................................................. 6

*KOVR-TV, Inc. v. Superior Court*,
   31 Cal.App.4th 1023 (1995) ............................................................... 27

*Labra v. Cal-Western Reconveyance Corp.*,
   2010 WL 889537 (N.D. Cal. March 11, 2010) ........................................... 16

*Lazar v. Superior Court*,
   12 Cal.4th 631 (1996) ...................................................................... 23

*Leonard v. Bank of Am. Nat'l Trust & Sav. Ass'n,*
  16 Cal.App.2d 341 (1936)................................................................11

*Levingston v. Piburn,*
  No Civ. 08-8138, 2010 WL 1266823 (D. Ariz. May 26, 2010) ................9

*Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.,*
  416 F.3d 940 (9th Cir. 2005).............................................................6

*Macias v. WMC Mortgage Corp.,*
  No. 09cv1374, 2010 WL 114006 (S.D. Cal. Jan. 6, 2010)......................9

*Melendrez v. D & I Inv.,*
  127 Cal.App.4th 1238 (2005) ..........................................................12

*Meyer v. Ameriquest Mortgage Co.,*
  342 F.3d 899 (9th Cir. 2003)............................................................18

*Miguel v. Country Funding Corp.,*
  309 F.3d 1161 (9th Cir. 2002)..........................................................18

*Mix v. Sodd,*
  126 Cal. App. 3d 386 (1991).............................................................25

*Nava v. VirtualBank,*
  No. 1:08-CV-000639-FCD-KJM, 2008 WL 2873406 (E.D. Cal. July 16, 2008) ...17

*Neal v. Juarez,*
  Civil No. 06cv0055 J(JMA), 2007 WL 2140640 (S.D. Cal. July 23, 2007) ..........24

*Nguyen v. Calhoun,*
  105 Cal.App.4th 428 (2003) ............................................................11

*Nool v. Homeq Servicing,*
  No. 1:09-CV-0885, 2009 WL 2905745 (E.D. Cal. Sept. 4, 2009) ..........24

*O'Sullivan v. Countrywide Home Loans,*
  319 F.3d 732 (5th Cir. 2003).............................................................20

*Oakdale Village Group v. Fong,*
  43 Cal.App.4th 539 (1996)...............................................................25

*Pantoja v. Countrywide Home Loans, Inc.,*
  640 F.Supp.2d 1177 (N.D. Cal. 2009) ..............................................24

*Parrino v. FHP, Inc.,*
  146 F.3d 699 (9th Cir. 1998)..............................................................7

*Perry v. Stewart Title Co.,*
  756 F.2d 1197 (1985).......................................................................21

*Pineda v. Saxon Mortg. Services, Inc.,*
  No. SACV 08-1187 JVS (ANx), 2008 WL 5187813 (C.D. Cal. 2008) ..................21

*Putkkuri v. Recontrust Co.,*
  No. 08cv1919 WQH(AJB), 2009 WL 32567 (S.D. Cal. Jan. 5, 2009) ..................24

*Quintos v. Decision One Mortgage Co.*,
   No. 08-CV-1757 JM (POR), 2008 WL 5411636 (S.D. Cal. Dec. 29, 2008)..........18

*Roque v. Suntrust Mortgage, Inc.*,
   No. C-09-00040 RMW, 2010 WL 546896 (Feb. 10, 2010) ...................................22

*Saldate v. Wilshire Credit Corp.*,
   686 F.Supp.2d 1051 (E.D. Cal. 2010).................................................................10

*San Diego Home Solutions, Inc. v. Recontrust Co.*,
   No. 08cv1970 L(AJB), 2008 WL 5209972 (S.D. Cal. Dec. 10, 2008) ..................24

*Schuetz v. Bank One Mortgage Corp.*,
   292 F.3d 1004 (9th Cir. 2002)............................................................................19

*Shimpones v. Stickney*,
   219 Cal.637 (1934)...........................................................................................25

*Short v. Wells Fargo Bank Minn.*,
   401 F.Supp.2d 549 (S.D. W. Va. 2005) .............................................................15

*Sicairos v. NDEX West LLC*,
   No. 08cv2014-LAB(BLM), 2009 WL 3854855 (S.D. Cal. Feb. 13, 2009) ...........22

*Sierra Switchboard Co. v. Westinghouse Elec. Corp.*,
   789 F.2d 705 (9th Cir. 1986)...............................................................................7

*Sitanggang v. IndyMac Bank, FSB*,
   No. CV F 09-0367 LJO SMS, 2009 WL 1286484 (May 6, 2009) ........................11

*Small v. Fritz Cos.*,
   30 Cal.4th 167 (2003) ......................................................................................22

*SPCI RE-HAB 01 v. E & G Invs., Ltd.*,
   207 Cal.App.3d 1018 (1989).............................................................................11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001).............................................................................6

*Stetler v. Greenpoint Mortgage Funding Inc.*,
   No. 1:07cv0123 DLB, 2008 WL 192405, n.1 (E.D. Cal. Jan. 23, 2008) ..............19

*Symonds v. Mercury Sav. & Loan Ass'n*,
   225 Cal.App.3d 1458 (1990).............................................................................27

*Tarmann v. State Farm Mutual Automobile Ins. Co.*,
   2 Cal.App.4th 153 (1991) .................................................................................23

*Thomas v. Law Firm of Simpson & Cyback*,
   392 F.3d 914, 916-917 (7th Cir. 2004) ..............................................................21

*Twain v. Harte Homeowner Ass'n v. Patterson*,
   193 Cal.App.3d 184 (1987)...............................................................................25

*U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.*,
   165 Cal.App.3d 1214 (1985).............................................................................10

*United States v. Ritchie,*
    342 F.3d 903 (9th Cir. 2003).................................................................................6

*United States v. Whiting Pools, Inc.,*
    462 U.S. 198 (1983)..........................................................................................7

*Vargas v. Reconstrust Co.,*
    No. 08-CV-1683, 2008 WL 5101557 (E.D. Cal. Dec. 2, 2008) ............................12

*Vega v. JPMorgan Chase Bank, N.A.,*
    654 F.Supp.2d 1104 (E.D. Cal. 2009).................................................................11

*Vreugdenhill v. Navistar Int'l. Transp. Corp.,*
    950 F.2d 524 (8th Cir. 1991).............................................................................8

*W. Mining Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981).............................................................................6

*Wayne v. Staples, Inc.,*
    135 Cal. App. 4th 466 (2006) ...........................................................................16

*Williams v. Koenig,*
    219 Cal.656 (1934)..........................................................................................10

*Williams v. Saxon Mortgage Servs., Inc.,*
    No. Civ.A. 06-0799-WS-B, 2007 WL 2828752 (S.D. Ala. Sept. 27, 2007) ..........18

*Wilson v. S.L. Rey, Inc.,*
    17 Cal.App.4th 234, 21 Cal.Rptr.2d 552 (1993).................................................9

*Wong v. Home Loan Servs., Inc.,*
    2:09-cv-0847 JAM JFM PS, 2009 WL 1705667 (E.D. Cal. June 17, 2009)..........12

*Wood v. Aegis Wholesale Corp.,*
    No. 1:09-CV-536-AWI-GSA, 2009 WL 1948844 (E.D. Cal. July 6, 2009)..........12

*Wyatt v. Union Mortgage Co.,*
    24 Cal.3d 773 (1978) .......................................................................................27

**Statutes**

11 U.S.C. § 541(a)(1)...........................................................................................7

11 U.S.C. § 541(a)(7)...........................................................................................7

11 U.S.C. § 554(d)...............................................................................................8

12 U.S.C. § 2505.................................................................................................2

12 U.S.C. § 2601...............................................................................................19

12 U.S.C. § 2614...............................................................................................20

15 U.S.C. § 1601...............................................................................................17

15 U.S.C. § 1635(f)............................................................................................18

15 U.S.C. § 1640(e) ...................................................................................17

15 U.S.C. § 1641(f)(1) ...............................................................................19

15 U.S.C. § 1641(f)(2) ...............................................................................19

15 U.S.C. § 1692 ........................................................................................20

15 U.S.C. § 1692a(6) .................................................................................21

15 U.S.C. § 1692a(6)(F)(iii) ......................................................................21

*Business & Professions Code § 17200* ....................................................15

*Business & Professions Code §17500* .....................................................16

*Civil Code § 1670.5* .................................................................................17

*Civil Code § 2924* ....................................................................................24

*Civil Code § 2924(c)* ................................................................................13

*Civil Code § 2924b* ..................................................................................14

*Civil Code §§ 2924-2924k* .......................................................................23

*Civil Code §2924(c)* .................................................................................13

*Code of Civil Procedure §§ 760.020, 761.020(d)* ...................................25

*Commercial Code § 2-3202* .....................................................................17

*Commercial Code § 9313* .........................................................................21

**Other Authorities**

4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154 at 507-08.............10

**Rules**

Fed. R. Civ. P. 12(b) .....................................................................................6

Fed. R. Evid. 201 ..........................................................................................6

*Federal Rules of Civil Procedure* 12(b)(6)................................................6

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3       Plaintiff Margarita Gertrudiz Novoa-Alfaro's (**plaintiff**) first amended

4   complaint (**FAC**)[1] is identical to her initial complaint, and fails for mostly the same

5   reasons.  Plaintiff brings a host of frivolous claims against her former loan servicer,

6   American Home Mortgage Servicing Inc. (**AHMSI**).[2]    While plaintiff concedes

7   AHMSI was just the servicer of her former loan, she lumps AHMSI into every

8   origination-related claim.  (*See* FAC ¶¶ 81-95, 99-102, 103-110, 119-126, 171.)  She

9   also suggests it is liable for any personal property she lost when she failed to vacate

10  her former property in a timely fashion.  (*See* FAC ¶¶ 212-237.)  These claims must

11  be dismissed as against AHMSI, whose only involvement with plaintiff was the

12  servicing and ultimate foreclosure of her former loan.

13      The only claims that have any applicability to AHMSI are plaintiff's allegations

14  concerning the servicing and foreclosure on her former loan.  However even those

15  claims fail as a matter of law.  *First*, plaintiff still has not obtained an order from the

16  bankruptcy court establishing her abandonment of the claims in this lawsuit—so

17  plaintiff has no standing to bring this action.  *Second*, plaintiff is barred from bringing

18  her wrongful foreclosure-related claims because she is unwilling to tender the amount

19  she owes on her mortgage debt, a requirement under California law.

20      *Third*, her unclean hands warrant dismissal of this case.  For example, plaintiff

21  alleges in her verified complaint she was never in default on her loan.  However,

22  AHMSI's business records detailing her payment history make clear she had problems

23  paying her mortgage and stopped paying it altogether in October of 2007 when her

24  jewelry business failed (although she continued to live in the property **for two years**

25

26  [1] Plaintiff labels her new complaint a "second amended complaint."  However, this is plaintiff's first
amendment, so AHMSI refers to the new complaint as the "first amended complaint."

27  [2] Plaintiff already brought these identical claims against AHMSI in the United States District Court
for the Central District of California.  (*See* Request For Judicial Notice (**RJN**), Ex. 1.)  That court
28  dismissed her lawsuit against AHMSI because it found she did not have standing to bring the claims
due to her bankruptcy status.

1   **after that,** mortgage and tax-free).  She even refused loss mitigation options offered

2   by AHMSI, and filed a total of **six** bankruptcies, all with the intent of avoiding her

3   financial obligations and the impending foreclosure on her former property.  Despite

4   the clear truth, which can be proven by judicially-noticeable documents, she still

5   contends she was never in default and never missed a mortgage payment.  (FAC ¶¶

6   116, 136.)[3]  Plaintiff's misrepresentations and willful failure to meet her financial

7   commitments demonstrates her unclean hands and bars this action.

8   　　Moreover, her claims fail on the merits.  Plaintiff persists on alleging

9   origination-related conduct against AHMSI, knowing AHMSI was not involved in the

10  2005 origination of her loans.  Indeed, it only serviced one of her loans for nine

11  months (February to October 2009).  If plaintiff could allege her origination-related

12  claims against AHMSI, they would still fail because the claims are inapplicable, time-

13  barred and/or deficiently plead.

14  　　As to plaintiff's allegations that AHMSI violated the Real Estate Settlement

15  Procedures Act, 12 U.S.C. § 2505, *et seq.* (**RESPA**) by failing to notify her of the

16  transfer of her loan's servicing rights (FAC ¶ 130), judicially-noticeable documents

17  demonstrate AHMSI did in fact send her a notice of the servicing transfer.  (*See* RJN

18  Ex. 12.)  Plaintiff also alleges AHMSI violated RESPA because it failed to respond to

19  her request for documents (*id.*), but AHMSI did send her the requested documents

20  (although it had no obligation under law to do so).  (*See* RJN Exs. 15-16.)  Also, her

21  TILA rescission request—the main basis for her action—fails miserably because the

22  sale has already occurred, thus extinguishing her "right" to rescind.

23  　　And, contrary to her wrongful foreclosure allegations, the foreclosure on her

24  former property was proper because the Substitution of Trustee was duly executed and

25  recorded (RJN Ex. 13), and the trustee properly issued and recorded the foreclosure

27
28
[3] It appears plaintiff is suggesting she was never in default of her second mortgage.  However, it was the first mortgage, not the second one, upon which foreclosure was initiated, so even if her suggestion was true it would be inapposite.

notices leading up to the sale.  (*See* RJN Ex. 1 at Exs.  E, G, J; RJN Ex. 17.)  Neither the original note nor an assignment of the deed of trust was even needed to foreclose as plaintiff suggests.  Plaintiff's FAC wholly fails to show a material procedural error in the foreclosure process as required under California law to dispute the presumption of a proper foreclosure.  For the reasons set forth herein, plaintiff's FAC should be dismissed, with prejudice.

## II.   RELEVANT FACTS

On or around August 24, 2005, plaintiff obtained two loans—a first loan for $628,000 (**Loan**) and a second loan for $157,000—from lender Argent Mortgage Company, LLC, to purchase property located at 9516 Orion Avenue, CA 91343 (**Property**).  (*See* FAC ¶¶ 38-39; RJN Ex. 1, ¶ 29 & Ex. D.)  The promissory note for the Loan was secured by a deed of trust recorded against the Property. (*See* RJN Ex. 1 ¶ 29 & Ex. D.)  AMC Mortgage Services, Inc. was plaintiff's original Loan servicer, but subsequently released its servicing rights to Citi Residential Lending Inc. (**Citi**) on October 1, 2007.  (RJN Exs. 2-3.)

Plaintiff in her first lawsuit alleged that on August 26, 2005, **two days after she closed on the Loan**, she went back to her broker to cancel the Loan because "she discovered that the mortgage loan she signed was not only for one loan only but two loans and that she was mislead" into believing she had obtained only one, fixed-rate loan for 30 years.  (RJN Ex. 1 ¶ 95.)  However according to plaintiff, the loans were not rescinded because "her loan processor told her that she couldn't cancel; unless she wanted to lose half of the $55,000 dollars down payment for all of the work they have [sic] already done."  (*Id.*)  Plaintiff in her current lawsuit alleges "[o]n August 26, 2005 [two days after the closing] [she] cancelled both Promissory Notes rendering the Deed of Trust void."  (FAC ¶ 40.)

Plaintiff apparently began having problems making her Loan payments, and as of May 1, 2008 was **$35,682.80** behind.  (RJN Ex. 1 at Ex. G.)  When plaintiff failed to bring her Loan current, a Notice of Trustee's Sale was issued on August 4, 2008

1    and recorded on August 6, 2008.  (RJN Ex. 1 at Ex. J.)  This notice however was

2    subsequently rescinded.  (RJN Ex. 1 at Ex. N.)

3        On August 25, 2008, plaintiff filed for Chapter 13 bankruptcy, seemingly in an

4    effort to stop the foreclosure on the Property.  (RJN Ex. 4.)  This filing was later

5    dismissed and the case closed by the bankruptcy court because plaintiff failed to file

6    the required bankruptcy schedules.  (RJN Ex. 5.)  Plaintiff made **three** additional

7    attempts at filing for Chapter 13 bankruptcy on October 22, 2008, November 21, 2008

8    and January 21, 2009, but those filings were also dismissed and the cases closed

9    because plaintiff's filings were deficient.  (RJN Exs. 6-11.)

10        Citi released its servicing rights for the Loan to AHMSI in 2009.   AHMSI

11    serviced plaintiff's Loan from February to October 2009.  (*See* RJN Ex. 12.)

12        Plaintiff stopped making her Loan payments again, and as of March 24, 2009

13    was **$86,963.64** behind.  (RJN Ex. 1 at Ex. E.)  A Notice of Default was issued on that

14    date, and recorded on March 25, 2009.  (*See id.*)  A Substitution of Trustee was mailed

15    to plaintiff and recorded shortly thereafter.  (RJN Ex. 13.)  An assignment of the deed

16    of trust was also executed.  (RJN Ex. 14.)

17        On April 7 and April 28, 2009, plaintiff sent letters to the trustee, Default

18    Resolution Network (**DRN**), and AHMSI respectively, disputing she owed any debt,

19    and requesting certain Loan documents.  (RJN Ex. 1 at Ex. F; RJN 15.)  Although it

20    had no obligation under law to do so, AHMSI provided the requested Loan documents

21    to plaintiff on May 8, 2009.  (RJN Ex. 16.)

22        Plaintiff ultimately informed AHMSI that she could no longer afford the Loan,

23    and requested AHMSI to consider a short sale offer.  AHMSI agreed to work with her.

24    Because plaintiff was so far behind on her Loan, AHMSI requested she make a

25    payment of $7,000 as a condition of the short sale.  When plaintiff refused to pay this

26    amount the foreclosure resumed, with a Notice of Trustee's Sale being issued on June

27    26, 2009 and recorded on June 29, 2009.  (RJN Ex. 17.)

28

1    Plaintiff made a **fifth** attempt at stopping the foreclosure by filing for Chapter

2  13 bankruptcy on July 15, 2009, but this filing was dismissed for failure to follow

3  bankruptcy procedures.  (RJN Exs. 18-19.)  The Property was sold to third party DM

4  Residential Fund II, LLC (**DM Residential**) on October 29, 2009.  (RJN Ex. 1 at Ex.

5  I.)

6    Plaintiff filed a lawsuit in state court to challenge the foreclosure of the

7  Property on September 28, 2009, and AHMSI removed the case to federal court on

8  March 24, 2010.  She also filed a notice of pendency of action (***Lis Pendens***), which

9  plaintiff recorded on October 1, 2009.  (RJN Ex. 1 at Ex. H.)

10  On January 5, 2010, plaintiff filed her **sixth** petition for Chapter 13 bankruptcy

11  protection, which this Court subsequently converted to a Chapter 7 bankruptcy on

12  March 12, 2010.  (RJN Exs. 20-21.)  On February 16, 2010, DM Residential moved

13  for relief from the automatic stay so that it could move forward with its unlawful

14  detainer action.  (RJN Ex. 22.)  The bankruptcy court granted the requested relief on

15  March 3, 2010.  (RJN Ex. 23.)

16    Plaintiff filed her adversary proceeding on June 14, 2010.  Plaintiff's initial

17  complaint was dismissed in part because plaintiff did not obtain an order from her

18  bankruptcy trustee establishing abandonment of the claims in this lawsuit.  Plaintiff

19  "amended" her complaint (by merely adding a paragraph), but still failed to obtain an

20  abandonment order from her bankruptcy trustee.  AHMSI has incurred legal fees

21  defending itself in numerous litigations by plaintiff for over a year.  AHMSI now

22  moves to dismiss with prejudice.

23               **III.   STANDARDS OF REVIEW**

24     **A.    Fed. R. Civ. P. 12 (b)(6)**

25    "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

26  requires more than labels and conclusions, and a formulaic recitation of the elements

27  of a cause of action will not do."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct.

28  1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief

1    above the speculative level." *Id*. at 1965.  In considering a motion pursuant to *Federal*

2    *Rules of Civil Procedure* 12(b)(6), a court need not accept as true unreasonable

3    inferences or conclusory legal allegations cast in the form of factual allegations.

4    *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *W. Mining*

5    *Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

6         In a recent decision, the Supreme Court reviewed the standard for a pre-answer

7    motion to dismiss.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  It explained a

8    complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me

9    accusation."  *Id*. at 1949.  This means "naked assertions devoid of further factual

10   enhancement" no longer suffice to state a claim.  *Id*. (internal quotation omitted).

11   Dismissal with prejudice is proper if "it is clear that the complaint could not be saved

12   by any amendment."  *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d

13   940, 946 (9th Cir. 2005).

14   **B.    Fed. R. Evid. 201**

15        Although, in general, the Court may not consider material other than the facts

16   alleged in the complaint when ruling on a motion to dismiss, the Court may take

17   judicial notice of matters "not subject to reasonable dispute" and "documents

18   incorporated by reference in the complaint … without converting the motion to

19   dismiss into a motion for summary judgment."  *Gamboa v. Trustee Corps, et al.*, No.

20   09-0007 SC, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (quoting *United*

21   *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing Fed. R. Civ. P. 12(b))); *see*

22   Fed. R. Evid. 201.  Under the incorporation by reference doctrine, the Court may

23   assume as true the contents of a document offered by the defendant and "treat such a

24   document as part of the complaint" if "the plaintiff refers extensively to the document

25   or the document forms the basis of the plaintiff's claim."  *Id.*; *see Knievel v. ESPN*,

26   393 F.3d 1068, 1076 (9th Cir. 2005).  This exception "[p]revent[s] Plaintiff from

27   surviving a Rule 12(b)(6) motion by deliberately omitting references to documents

28

1  upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.

2  1998) (citation omitted).

3  As set forth below, plaintiff's FAC, which is mostly based on lump-sum

4  allegations of origination-related misconduct, fails because AHMSI was not involved

5  in the origination of the Loan, and thus cannot be held liable for any alleged

6  wrongdoings taking place at that time.  If any of plaintiff's claims are applicable to

7  AHMSI, they still fail because they are deficient, and contradicted by judicially-

8  noticeable documents.  Moreover, plaintiff's unclean hands and failure to tender bar

9  this action.  This case is ripe for dismissal, with prejudice.

10  ## IV.    ARGUMENT

11  ### A.    Plaintiff Lacks Standing to Bring This Lawsuit

12  Plaintiff lacks standing to bring this lawsuit because she has not received a

13  chapter 7 discharge or an order abandoning her claims from the bankruptcy estate.

14  "The filing of a petition in bankruptcy commences the case and creates a bankruptcy

15  estate." 11 U.S.C. § 541(a)(1).   The bankruptcy estate consists of "all legal or

16  equitable interests of the debtor in property as of the commencement of the case," *id.*,

17  and "[a]ny interest in property that the estate acquires after the commencement of the

18  case." 11 U.S.C. § 541(a)(7).  Section 541's definition of "property" is interpreted

19  broadly to include causes of action.  *See United States v. Whiting Pools, Inc.*, 462 U.S.

20  198, 205 (1983); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705,

21  707-709 (9th Cir. 1986); *see also Cloud v. Northrupp Grumman Corp.*, 67

22  Cal.App.4th 995, 1001 (1998) (after chapter 7 bankruptcy filing, all causes of action

23  become property of the bankrupt estate).

24  "[A] Chapter 7 debtor may not prosecute on his or her own cause of action

25  belonging to the bankruptcy estate unless the claim has been abandoned by the

26  trustee." *Bostanian v. Liberty Savs. Bank, F.S.B.*, 52 Cal.App.4th 1075, 1081 (1997).

27  This Court found there "are three ways property can be abandoned under 11 U.S.C.

28  Section 554:"

First, a bankruptcy trustee may obtain a court order authorizing abandonment of the property, but only after notice and hearing. 11 U.S.C. Section 554(a). Second, a party in interest may seek a court order directing the trustee to abandon the property, but again, only after notice and hearing. 11 U.S.C. 554(b). Third, once the bankruptcy case is *closed*, all scheduled, unadministered, and non-exempt property of the estate is deemed abandoned. 11 U.S.C. Section 554(c).

*In re Reed*, 89 B.R. 100, 103 (Bankr. C.D. Cal. 1988).  Assets, such as causes of action, not listed on bankruptcy schedules cannot be "deemed abandoned" when the bankruptcy estate is closed because property must be formally scheduled to be abandoned as a matter of law.  *See* 11 U.S.C. § 554(d); *In re Reed*, 89 B.R. at 103; *Vreugdenhill v. Navistar Int'l. Transp. Corp.*, 950 F.2d 524, 525-526 (8th Cir. 1991); *Hester v. Farmers Home Admin.*, 49 B.R. 593, 599 (Bankr. E.D. Mo. 1985).  Unless the court orders otherwise, property that is not abandoned under this section and not administered in the case remains property of the estate.

The Court converted plaintiff's Chapter 13 bankruptcy case to a Chapter 7 on March 12, 2010.  (RJN Exs. 20-21.)  While plaintiff did schedule this lawsuit in her bankruptcy schedules, she did not list the causes of action.  More critically, plaintiff's lawsuit still belongs to the bankruptcy estate—even after she was given a number of chances to fix this fatal flaw—because plaintiff has neither obtained a discharge nor an order abandoning her lawsuit or any of the causes of action therein from the bankruptcy estate.  Only the trustee, not plaintiff, has standing to bring this lawsuit.

This identical issue has arisen many other times in California courts.  In one circumstance a California appellate court held that a plaintiff's action to set aside a foreclosure sale, filed before the chapter 7 bankruptcy filing, had to be dismissed because it belonged to the bankruptcy estate.  *See Bostanian*, 52 Cal. App. 4th at 1080.  The federal courts have reached the same conclusion.  *In Cobb v. Aurora Loan Servs., LLC*, 408 B.R. 351, 354-55 (E.D. Cal. 2009), the court dismissed a complaint arising out of a mortgage loan transaction because the plaintiff, who had not listed the ongoing lawsuit on her bankruptcy schedules, had not obtained an abandonment from

1  the bankruptcy trustee prior to bringing suit.  *See also Levingston v. Piburn*, No Civ.

2  08-8138, 2010 WL 1266823, at *2 (D. Ariz. May 26, 2010) (chapter 7 debtor was not

3  real party in interest to prosecute lawsuit); *Macias v. WMC Mortgage Corp.*, No.

4  09cv1374, 2010 WL 114006 (S.D. Cal. Jan. 6, 2010) ("Plaintiffs have not shown or

5  alleged that, subsequent to the bankruptcy filing, they are the real parties in interest).

6  This lawsuit must be dismissed for this reason alone.

7  **B.    Plaintiff's Unclean Hands Bars This Action**

8  Plaintiff is not entitled to a declaration or the equitable relief of rescission of the

9  foreclosure sale because she has unclean hands.  Unclean hands is an affirmative

10  defense in actions seeking equitable relief.  *Wilson v. S.L. Rey, Inc.*, 17 Cal.App.4th

11  234, 244, 21 Cal.Rptr.2d 552 (1993).  This  "doctrine demands that a plaintiff act

12  fairly in the matter for which he seeks a remedy.  He must come into court with clean

13  hands, and keep them clean, or he will be denied relief, regardless of the merits of his

14  claim."  *Fladeboe v. Am. Isuzu Motors Inc.*, 150 Cal.App.4th 42, 56, 58 Cal.Rptr.3d

15  225 (2007) (quoted authority omitted).  The doctrine applies when "it would be

16  inequitable to provide the plaintiff any relief, and provides a complete defense to both

17  legal and equitable causes of action."  *Id.*

18  Plaintiff over the past three years has made absolutely no effort to make even a

19  partial payment on the Loan, and instead has attempted to avoid her financial

20  obligations (and stave off foreclosure) by filing six consecutive bankruptcies.  Most

21  recently, she refused to pay any portion of her Loan arrearages in order to complete a

22  short sale.  All this, while she lived in the Property, mortgage-free, for two years.  She

23  is not entitled to the equitable relief she seeks because she has acted unfairly in the

24  matter for which she seeks a remedy.  *See Fladeboe*, 150 Cal.App.4th at 56.

25  Indeed, this Court seemed to recognize the unfair nature of plaintiff's request,

26  and issued an order allowing the current owner of the Property to continue with the

27  unlawful detainer action.  Plaintiff in the FAC appears to be asking this Court to

28  revise its prior decision.  Her disregard for court orders and her Loan obligations

1   constitutes unclean hands, barring her from receiving any equitable relief in this

2   Court.

3         **C.    Plaintiff's Failure to Tender Bars the Entire Complaint**

4         Plaintiff is also procedurally barred from bringing this action because she

5   refused to tender any amount due on her Loan prior to bringing this lawsuit, in

6   contravention of California's tender rule.  If a defaulting borrower requests relief in

7   equity, i.e., setting aside or challenging a foreclosure proceeding, the borrower must

8   first do equity himself by paying the entire loan amount prior to the sale. *See Arnolds*

9   *Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984); *Humboldt Sav. Bank v.*

10  *McCleverty*, 161 Cal.285, 290-91 (1911); *Williams v. Koenig*, 219 Cal.656, 660

11  (1934); *U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.*, 165

12  Cal.App.3d 1214, 1222 (1985) (cited authority omitted); 4 Miller & Starr, Cal. Real

13  Estate (2d ed. 1989) § 9:154 at 507-08.   It is a borrower's duty to make an

14  unambiguous tender of the entire loan amount due, or else tender is of no effect. *Id.*

15        The "tender rule" applies not only to the plaintiff's request to set aside a

16  foreclosure, but also to any causes of action that derive from the wrongful foreclosure

17  allegations or seek redress from foreclosure. *Arnolds*, 158 Cal.App.3d at 578-80.

18  Thus any cause of action implicitly integrated with allegations of an irregular sale fails

19  unless the trustor can allege and establish a valid tender. *See id.* at 579.   Absent

20  tender, the whole complaint fails. *See Anaya v. Advisors Lending Group*, No. CV F

21  09-1191 LJO DLB, 2009 WL 2424037, at *10 (E.D. Cal. Aug. 5, 2009) (slip copy)

22  (plaintiff's inability to tender barred claim for injunctive relief and every other claim

23  supporting this request, noting plaintiff "offer[ed] nothing to indicate that she is able

24  to tender the debt to warrant disruption of non-judicial foreclosure"); *Saldate v.*

25  *Wilshire Credit Corp.*, 686 F.Supp.2d 1051, 1060-61 (E.D. Cal. 2010) ("An action to

26  set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a

27  cause of action which a court of equity recognizes"; entitling MERS to dismissal of all

28  of plaintiffs' claims against it, including claims of negligence, fraud, violation of

1    Section 17200, and wrongful foreclosure) (emphasis added); *Alicea v. GE Money*

2    *Bank*, No. C 09-00091 SBA, 2009 WL 2136969, at *3 (N.D. Cal. July 16, 2009)

3    ("When a debtor is in default of a home mortgage loan, and a foreclosure is either

4    pending or has taken place, the debtor must allege a credible tender of the amount of

5    the secured debt to maintain any cause of action for wrongful foreclosure.") (emphasis

6    added); *Jump v. Aurora Loan Servs. LLC, et al.*, No. 09 cv 189 W (NLS), 2009 WL

7    2020128, at *2 (S.D. Cal. July 10, 2009) ("A party has not alleged sufficient facts to

8    state a cause of action unless he has tendered the obligation in full."); *Karlsen v. Am.*

9    *Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 121 (1971); *Abdallah v. United Sav. Bank*, 43

10    Cal.App.4th 1101, 1109 (1996).[4]

11         The tender rule is strictly applied.  *See Nguyen v. Calhoun*, 105 Cal.App.4th

12    428, 439 (2003).  In *Sitanggang v. IndyMac Bank, FSB*, No. CV F 09-0367 LJO SMS,

13    2009 WL 1286484 (May 6, 2009), the court demonstrated the strict nature of this rule

14    when dismissing a challenge to set aside a foreclosure sale, finding "[p]laintiff's

15    inability to make monthly promissory note payments reflects inability to tender

16    amounts owed to bar her claims and requested relief," since "[s]etting aside the

17    foreclosure is useless" if the borrower could not tender.  *Sitanggang*, 2009 WL

18    1286484, at *2.  The same court found a month later the inability to tender was even a

19

20    [4] "The rationale behind this rule is that if Plaintiff could not have redeemed the property [i.e., paid
21    the full loan amount] had the sale procedures been proper, any irregularities in the sale did not result
      in damages to the Plaintiff."  *SPCI RE-HAB 01 v. E & G Invs., Ltd.*, 207 Cal.App.3d 1018, 1022
22    (1989).  A court of equity will not act where doing so would be futile.  In *Leonard v. Bank of Am.*
      *Nat'l Trust & Sav. Ass'n*, 16 Cal.App.2d 341 (1936), the court rejected plaintiff's claim to set aside a
23    sale under a deed of trust because plaintiff could not tender, holding that:

24         [e]quity will not interpose its remedial power in the accomplishment of what seemingly
25         would be nothing but an idly and expensively futile act, nor will it purposely speculate in a
         field where there has been no proof as to what beneficial purpose may be subserved through
26         its intervention.  *Id.* at 344.

      Just recently Judge O'Neill made an identical holding in *Vega v. JPMorgan Chase Bank, N.A.*, 654
27    F.Supp.2d 1104 (E.D. Cal. 2009), finding "to enjoin a foreclosure sale due to non-judicial
      foreclosure defects, the trustor must in good faith tender amounts to cure the default."  *Vega*, 654 F.
28    Supp. 2d 1104.

1   valid basis to deny leave to amend.  *See Wong v. Home Loan Servs., Inc.*, 2:09-cv-

2   0847 JAM JFM PS, 2009 WL 1705667, at *3 (E.D. Cal. June 17, 2009).

3        In *Wood v. Aegis Wholesale Corp.*, No. 1:09-CV-536-AWI-GSA, 2009 WL

4   1948844 (E.D. Cal. July 6, 2009) (slip copy), plaintiff requested injunctive relief to

5   enjoin a pending foreclosure sale.  Judge Ishii held "[t]he law is long-established that

6   a trustor or his successor must tender the obligation in full as a prerequisite to

7   challenge a foreclosure sale." *Wood*, 2009 WL 1948844, at *9 (citing *Vargas v.*

8   *Reconstruct Co.*, No. 08-CV-1683, 2008 WL 5101557, at *6 (E.D. Cal. Dec. 2, 2008)

9   (citing to *U.S. Cold Storage*, 165 Cal. App. 3d at 1222)).  The court held since plaintiff

10  stopped making payments on his loan, the beneficiary and trustee under the deed of

11  trust were entitled to initiate a foreclosure sale on the property.

12       These cases are indistinguishable from this one, as none of the plaintiffs could

13  tender.  Here, plaintiff does not allege to have paid the full amount due on the Loan.

14  Indeed, plaintiff, who was almost $87,000 behind on her Loan and admitted to

15  AHMSI that she could no longer afford to pay it (RJN Ex. 1, Ex. E), **refused** to tender

16  any of the past due amount when seeking a short sale.  Her refusal to do equity bars

17  her requests for equity.  Given plaintiff has not tendered and cannot tender, she lacks

18  standing to bring all of her claims and the FAC fails as a matter of law.

19       **D.**     **Plaintiff Has Failed to Overcome The Presumption of a Valid**

20              **Foreclosure**

21       In addition to plaintiff's failure to tender, her claims seeking to undo the

22  foreclosure sale are deficient because she has not sufficiently alleged any plausible

23  problems in how the sale was conducted.  The allegations plaintiff does make are

24  contradicted by recorded, judicially-noticeable documents.   Absent a credible

25  allegation of fraud, it is presumptively valid.

26       "A nonjudicial foreclosure sale is accompanied by a common law presumption

27  that it 'was conducted regularly and fairly.'"  *Melendrez v. D & I Inv.*, 127

28  Cal.App.4th 1238, 1258 (2005) (citing *Brown v. Busch*, 152 Cal.App.2d 200, 204

1  (1957)); *see also Knapp v. Doherty*, 123 Cal.App.4th 76, 86 fn. 4 (2004). "It is the

2  general rule that courts have power to vacate a foreclosure sale where there has been

3  fraud in the procurement of the foreclosure decree or where the sale has been

4  improperly, unfairly or unlawfully conducted, or is tainted by fraud, or where there

5  has been such a mistake that to allow it to stand would be inequitable to purchaser and

6  parties." *Bank of Am. Nat. Tr. & Sav. & Tr. Ass'n v. Reidy*, 15 Cal.2d 243, 248

7  (1940). The presumption can only be rebutted by substantial evidence of prejudicial

8  procedural irregularity. *See 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.*, 85

9  Cal.App.4th 1279, 1284 (2001).

10      If the trustee's deed contains a recital that all default and sale notices have been

11  given, the notice requirements are statutorily presumed to have been satisfied, which

12  presumption is conclusive as to a bona fide purchaser at the foreclosure sale. *See Civ.*

13  *Code* §2924(c). One is a bona fide purchaser if he (1) pays value for the property, and

14  (2) makes the purchase without knowledge of any irregularity in the sale proceedings.

15  *See Hochstein v. Romero*, 219 Cal.App.3d 447, 451 (1990).

16      Here, the foreclosure on the Property was proper. The substituted trustee,

17  DRN, was required "to initiate non-judicial foreclosure proceedings on the [P]roperty

18  upon [plaintiff's almost $87,000] default…." *Kachlon*, 168 Cal.App.4th at 334;

19  *Nguyen*, 105 Cal.App.4th at 440. A Trustee's Deed Upon Sale was subsequently

20  issued and recorded, which document conclusively demonstrates the requirements of

21  *Civil Code* § 2924(c) were met. (*See* RJN Ex. 1 at Ex. I.) The sale was thus

22  presumptively valid, which presumption is conclusive as to DM Residential, the bona

23  fide purchaser at the foreclosure sale.

24      Plaintiff's FAC fails to rebut the presumption that the sale and Trustee's Deed

25  are valid. Plaintiff alleges AHMSI could not properly foreclose because (1) the Loan

26  was secretly securitized, (2) AHMSI did not own the original note at the time of

27  foreclosure, (3) there was no proper assignment of the deed of trust and (3) AHMSI

28  did not record or provide her with a Substitution of Trustee. (*See*, *e.g.*, FAC ¶¶ 192,

202-203, 205-211.)  None of these theories have merit.  *First*, whether her Loan was securitized is irrelevant to the foreclosure process because it did not affect AHMSI's ability to foreclose.  *See Benham v. Aurora Loan Servs. LLC*, No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009)  (courts have "summarily rejected the argument that companies . . . lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool") (citing *Hafiz v. GreenPoint Mortgage Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009)).

*Second*, whether AHMSI held the original note at foreclosure is also a non-issue because as discussed further below, this is not a requirement to foreclose in California. *Third*, contrary to plaintiff's contentions, a Substitution of Trustee was properly recorded (along with all of the other required foreclosure notices, *see* RJN Ex. 1 at Exs. E, G, J; RJN Ex. 17), and she was provided a copy as evidenced by the affidavit of service attached to the notice.  (*See* RJN Ex. 14.)  Moreover, there is no requirement under California's non-judicial foreclosure statutes that a borrower actually receive the notices.  The statutes only require the notices be issued, mailed, and recorded, which they were.  *See Cal. Civil Code* § 2924b.  *Fourth*, assignment of the deed of trust is not required to foreclose in California.  *See infra*, at Section E(7). Her claims seeking to set the foreclosure aside fail as a matter of law.

### E.    Each of Plaintiff's Causes of Action Fail Independently

Beyond plaintiff's lack of standing and her failure to tender, her causes of action fail independently.

### 1.    Lumping Defendants Together Is Improper Pleading

As an initial matter, plaintiff's FAC fails because it improperly attempts to hold AHMSI liable for every cause of action, even though plaintiff concedes AHMSI had no involvement in the origination of the Loan or her eviction from the Property.  (*See* FAC ¶ 7, acknowledging AHMSI was the "current successor" of the Loan.)  This improper lumping is grounds to dismiss the claims.  *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F.Supp.948, 960 (S.D. Cal. 1996).

1  Moreover, an entity such as AHMSI that solely services a loan cannot be held

2  liable for any alleged wrongdoings committed by the lender.  In *Short v. Wells Fargo*

3  *Bank Minn.*, 401 F.Supp.2d 549 (S.D. W. Va. 2005), the court dismissed claims

4  against a servicer that arose out of origination, on the premise that a servicer "cannot

5  be held liable for any claims by [a] plaintiff stemming from the origination of the loan

6  by [another party]...."  *Id.* at 563.  Recently, Judge Alsup in the Northern District

7  found that a loan servicer could not be liable for origination-related conduct because

8  "it was neither involved in [the borrower's] credit application nor in the origination or

9  issuance of the loan to [the borrower]."  *Hafiz*, 652 F.Supp. 2d at 1050.  Thus, any

10  alleged wrongdoings occurring at origination cannot serve as the basis for relief

11  against AHMSI.

### 2. Unfair Business Practices and Deceptive Acts (First and Second Causes of Action)

14  Plaintiff's first and second causes of action for unfair business practices and

15  deceptive acts involve allegations of wrongdoing in the origination of plaintiff's Loan.

16  (FAC ¶¶ 85-96, 97-102.)  However, as plaintiff concedes, AHMSI only obtained the

17  rights to service her Loan in 2009, **four** years after her Loan closed.  (FAC ¶ 7; RJN

18  Ex. 12.)  Since it had no part in the origination of the Loan, the claims fail as alleged

19  against AHMSI, because *Business & Professions Code* § 17200, *et seq.* (**UCL**) does

20  not allow for vicarious liability.  In *Emery v. Visa Int'l Serv. Ass.*, 95 Cal.App.4th 952

21  (2002), the plaintiff alleged the defendant violated Section 17200 by failing to stop or

22  correct third parties from making false or misleading statements.  *Id.* at 964.  The

23  court found defendant had no duty to investigate the truth of statements made by

24  others, holding "[t]he concept of vicarious liability has no application to actions

25  brought under the unfair business practices act."  *Id.* at 960.

26  Moreover, plaintiff has not satisfied the requirements for pleading unfair

27  business practices.  The UCL makes actionable any "unlawful, unfair or fraudulent

28  business practice."  *Cel-Tech Comm. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 180

1   (1999).   Facts supporting a Section 17200 claim must be pled with reasonable

2   particularity.   *See Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993).

3   Plaintiff in lump-sum, conclusory fashion alleges, among other things, that her two

4   loans "were marketed in whole or in part on the basis of fraud, exaggeration,

5   misrepresentation, or the concealment of a material fact and was underwritten without

6   due diligence by the party originating the loans…."   (FAC ¶ 84.)   She also states all

7   defendants "failed to properly adjust and disclose facts and circumstances relating to

8   Plaintiff's mortgage loan … which they should never have been approved for because

9   they could not afford it."   (FAC ¶ 94.)   It is the opposite of a complaint plead with

10   "reasonable particularity," the standard California demands for UCL claims.   *Gregory

11   v. Albertson's, Inc.*, 104 Cal.App.4th 845, 857 (2002).

12        As to plaintiff's allegations under California's Unfair and Deceptive Acts and

13   Practices, California *Business & Professions Code* §17500, *et seq.* (**UDAP**), those

14   allegations fail because plaintiff does not allege AHMSI made a false advertisement;

15   thus UDAP does not provide the relief requested by plaintiff.   The UDAP "makes it

16   illegal for anyone to engage in false or deceptive advertising."   *Hernandez v. First

17   Am. Loanstar Trustee Servs.*, No. 10cv00119 BTM(WVG), 2010 WL 1445192, at *3

18   (S.D.Cal. Apr. 12. 2010).   To state a cause of action under this statute, the plaintiff

19   must demonstrate members of the public are likely to be deceived.   *See Wayne v.

20   Staples, Inc.*, 135 Cal. App. 4th 466, 484 (2006). Moreover, allegations of fraudulent

21   conduct made in support of a Section 17500 claim must meet the heightened pleading

22   requirements of Rule 9(b).   *See Labra v. Cal-Western Reconveyance Corp.*, 2010 WL

23   889537 (N.D. Cal. March 11, 2010).

24        Plaintiff's UDAP allegations fail because they have nothing to do with false

25   advertising.   Also, the allegations, even if actionable, still fail because they are

26   rebutted by judicially-noticeable documents.   For example, plaintiff alleges AHMSI

27   "recorded a[] Notice of Default without being authorized by the Trustee or the original

28   lender" and that "[f]urthermore Plaintiff was not in default…."   (FAC ¶ 96.)   However

1    a recorded Notice of Default clearly shows it was properly issued and that plaintiff

2    stopped making her Loan payments, and that as of March 24, 2009, plaintiff was

3    $86,963.64 behind.  (RJN Ex. 1, Ex. E.)  Her claims have zero merit.

### 3.    Unconscionability (Third Cause of Action)

5    Plaintiff's unconscionability claim fails because it is a defense to enforcement

6    of a contract, not an affirmative cause of action.  *See Nava v. VirtualBank*, No. 1:08-

7    CV-000639-FCD-KJM, 2008 WL 2873406, at *10 (E.D. Cal. July 16, 2008); *Jones v.*

8    *Wells Fargo Bank*, 112 Cal.App.4th 1527, 1539 (2003).  Although plaintiff cites

9    *Commercial Code* § 2-3202, in California the defense is codified at *Civil Code* §

10    1670.5, which codification courts have held does not in itself create a cause of action.

11    *See Cal. Grocers Ass'n v. Bank of Am.*, 22 Cal.App.4th 205, 217 (1994); *Nava*, 2008

12    WL 2873406, at *10.

13    Even if it were a cognizable cause of action, it would still fail because no

14    contract existed between AHMSI and plaintiff.  As articulated throughout this motion,

15    AHMSI was not a party to the original contract, the Deed of Trust.  Accordingly,

16    plaintiff's claim fails.

### 4.    TILA Rescission (Fourth and Eighth Causes of Action)

18    Plaintiff's causes of action under the Truth in Lending Act, 15 U.S.C. § 1601, *et*

19    *seq.* (**TILA**) for damages and rescission cannot stand as alleged against AHMSI.

20    *First*, TILA affords her no remedy because time has run out on any claims that might

21    have arisen for either remedy.  An action for damages under TILA is barred unless

22    brought "within one year from the date of the occurrence of the violation."  15 U.S.C.

23    § 1640(e).  The pertinent date of "occurrence" is the closing date.  *See King v.*

24    *California,* 784 F.2d 910, 915 (9th Cir. 1986).  The Deed of Trust for the Property is

25    dated September 1, 2005.  (RJN Ex. 1 at Ex. D.)  Plaintiff filed this complaint in June

2010, well past the one year cut-off, and can show no set of facts to justify equitable tolling in this case.[5]

*Second*, the right of rescission is not available to plaintiff under TILA because the Court no longer has jurisdiction. "[Section] 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002). *See also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998) (no federal right to rescind three years after consummation regardless of when action filed); *Quintos v. Decision One Mortgage Co.*, No. 08-CV-1757 JM (POR), 2008 WL 5411636, at *3 (S.D. Cal. Dec. 29, 2008). Plaintiff had until September 1, 2008 to rescind; her failure to do so bars her untimely request.

*Third*, the right of rescission is no longer available to plaintiff under TILA because the sale has already occurred. *See* 15 U.S.C. § 1635(f) ("[T]he right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property."). Thus if she had any right to rescind, it was extinguished in October 2009 when the Property was sold. *See, e.g., Cleveland v. Deutsche Bank Nat'l Trust*, No. 08cv0802 JM (NLS), 2009 WL 250017, at *2 (S.D. Cal. Feb. 2, 2009); *see also Hallas v. Ameriquest Mortgage Co.*, 406 F.Supp.2d 1176, 1183 (D. Or. 2005).

---

[5] Her contention that "Defendants[] fail[ed] to effectively provide the required disclosures and notices" (FAC ¶ 105), is insufficient to toll this claim. An allegation that a borrower did not receive copies of her closing documents will not suffice to toll the statute, as that type of violation should have been discovered by the borrower at closing. *See In re Luciano*, 200 Fed. Appx. 628, 630, 2006 WL 2471948, at *2 (9th Cir. 2006) (unpub. op.). Likewise, an allegation that the borrower did not receive a material disclosures at closing will not be equitably tolled because "[t]he failure to make the required disclosures occurred, if at all, at the time the loan documents were signed", as the borrowers are "in full possession of all information relevant to the discovery of a TILA violation and a § 1640(a) damages claim on the day the loan papers were signed." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003); *see also Williams v. Saxon Mortgage Servs., Inc.*, No. Civ.A. 06-0799-WS-B, 2007 WL 2828752, at *4-5 (S.D. Ala. Sept. 27, 2007), 784 F.2d at 915. Moreover, plaintiff admits she discovered the alleged violations a day after she closed on the Loan. (FAC ¶ 110.) Plaintiff's TILA claim is thus time-barred.

18    **MOTION TO DISMISS ADVERSARY PROCEEDING**

*Lastly*, even if plaintiff had a substantive TILA claim, she has no cause of action against AHMSI here because AHMSI was only her loan servicer and cannot be deemed an assignee under law. TILA specifies that loan servicers like AHMSI are not to be treated as assignees "unless the servicer is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1). A servicer is not to be treated as the owner "on the basis of an assignment of the obligation from the creditor or another assignee to the servicer solely for the administrative convenience of the servicer in servicing the obligation." 15 U.S.C. § 1641(f)(2) There can be no assignee liability under TILA here because AHMSI never owned the Loan, it only serviced it. Plaintiff's TILA claim fails.

### 5.    RESPA (Fifth Cause of Action)

Plaintiff alleges AHMSI violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. (**RESPA**) because it failed to respond to her "Qualified Written Request" (**QWR**), and did not provide her with notice of the servicing transfer on her Loan. (FAC ¶ 130.) These allegations do not support her RESPA claim because AHMSI did in fact provide her with notice of the servicing transfer (RJN Ex. 12.) AHMSI also sent her the requested Loan documents, even though it had no legal obligation to do so until she made a valid QWR, if at all.[6]

Part of plaintiff's RESPA claim also depends on a core allegation that the yield spread premium (**YSP**)[7] her lender paid to the mortgage broker affected the interest rate on her Loan, and the YSP's effect should have been disclosed. (FAC ¶¶ 140-143.) Plaintiff's claim that the yield spread premium was somehow unlawful because

---

[6] Even under a valid QWR, AHMSI's obligation to provide loan documents is extremely limited if at all existent. As to plaintiff's April 7, 2009 letter (RJN Ex. 1 at Ex. F), plaintiff sent it to the trustee, DRN, and not to AHMSI, so AHMSI cannot be obligated to respond to a letter it did not receive. Even if AHMSI had received it, the letter is not a QWR, but rather a letter disputing the validity of her debt, and thus AHMSI had no duty under RESPA to respond to it.

[7] A YSP is a fee that mortgage lenders pay to mortgage brokers based on the difference between the interest rate at which the broker originates the loan, and the so-called "par" rate. *See, e.g., Stetler v. Greenpoint Mortgage Funding Inc.*, No. 1:07cv0123 DLB, 2008 WL 192405, at *1 n.1 (E.D. Cal. Jan. 23, 2008). The par rate is the interest rate at which a lender will fund one hundred percent of a loan with no premiums or discounts charged to the broker. *See Schuetz v. Bank One Mortgage Corp.*, 292 F.3d 1004, 1007 (9th Cir. 2002).

it adversely affected her interest rate is incorrect.  As the Department of Housing and Urban Development explained in 1999, "[p]ayments to brokers by lenders, characterized as [YSPs] are based on the interest rate and points of the loan entered into as compared to the par rate [.]"  Real Estate Settlement Procedures Act of 1974, Statement of Policy 1999-1, 64 Fed. Reg. 10080, 10081 (March 1, 1999).  Therefore, it is the amount of the interest rate of the loan that determines the YSP, and not the other way around.  *See Heimmerman v. First Union Mortgage Corp.*, 305 F.3d 1257, 1259 (11th Cir. 2002).  Plaintiff's allegation is exactly backwards.  If anything, the YSP assisted plaintiff in that it allowed her to finance, through a higher interest rate, mortgage broker fees which she might have otherwise have had to pay at closing.  *See O'Sullivan v. Countrywide Home Loans*, 319 F.3d 732, 739 (5th Cir. 2003).

Plaintiff's RESPA claim also fails because it is time-barred.  The complaint challenges the legality of the lender's YSP payment to her mortgage broker, but does not specify under what subsection of RESPA this claim proceeds.  Assuming plaintiff brings this allegation under Section 2607 of RESPA, which prohibits kickbacks by lenders to mortgage brokers,[8] private actions under RESPA's anti-kickback provision must be brought within one year of the date of occurrence of the alleged violation.  *See* 12 U.S.C. § 2614; *Fonua v. First Allied Funding*, No. C 09-497 SI, 2009 WL 816291, at *3 n.2 (N.D. Cal. Mar. 27, 2009).  This lender payment would have happened at or about the time of origination, i.e., in September 2005.  Therefore, any claim related to it should have been brought no later than September 2006.  Her RESPA claim should be dismissed as against AHMSI.

### 6.    FDCPA (Sixth Cause of Action)

Plaintiff alleges "Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (**FDCPA**) by not responding to plaintiff's "dispute letter." (FAC ¶ 144.)  As stated above, this claim fails because AHMSI did respond to

---

[8] *See*, *e.g.*, *Schuetz v. Banc One Mortgage Corp.*, 292 F.2d 1004, 1006 (9th Cir. 2002); *Heimmerman v. First Union Mortgage Corp.*, 305 F.3d 1257, 1261 (11th Cir. 2002).

1  plaintiff's April 28 letter, which is the only letter it received.  (*See* RJN Ex. 16.)  As to

2  the April 7 letter, AHMSI had no duty to respond to it because it never received it—

3  the letter was addressed to the trustee, DRN, not AHMSI.  Even if plaintiff had sent

4  the letter to the proper party, the claim fails because AHMSI is not a debt collector

5  under the FDCPA.  "A 'debt collector' under the FDCPA is "any person who uses any

6  instrumentality of interstate commerce or the mails in any business the principal

7  purpose of which is the collection of any debts, or who regularly collects or attempts

8  to collect, directly or indirectly, debts owed or due or asserted to be owed or due

9  another.".  15 U.S.C. § 1692a(6).  The definition of "debt collector" **does not** include

10  "any person collecting or attempting to collect any debt owed or due or asserted to be

11  owed or due another to the extent such activity … concerns a debt which was not in

12  default at the time it was obtained by such person…."  15 U.S.C. § 1692a(6)(F)(iii).

13  The FDCPA regulates collection activity by debt collectors, not creditors.  *See*

14  *Thomas v. Law Firm of Simpson & Cyback*, 392 F.3d 914, 916-917 (7th Cir. 2004).[9]

15  AHMSI was a creditor, not a debt collector, because it obtained the servicing rights to

16  plaintiff's Loan before the Notice of Default was issued.  (RJN Ex. 12.)  Thus AHMSI

17  could not be deemed to have violated the FDCPA by failing to cease collection of the

18  debt after receiving plaintiff's written notice.  (*See* FAC ¶¶ 147-148.)  The claim fails

19  against AHMSI.

**7.    California *Civil Code* § 2932.5 (Seventh Cause of Action)**

21          Plaintiff's claim under § 2932.5 is essentially the same argument she advances

22  in her tenth cause of action for a determination of the "nature, extent, and validity of

23  the lien" under *Commercial Code* § 9313 (i.e., that AHMSI could not properly

---

[9] In *Perry v. Stewart Title Co.*, 756 F.2d 1197 (1985), the Fifth Circuit Court of Appeals conclusively determined that the legislative history of Section 1692a(6) indicates that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.  *Perry*, 756 F.2d at 1208.  That holding has been frequently followed in California.  *See, e.g.*, *Connors v. Home Loan Corp.*, No. 08cv1134-L(LSP), 2009 WL 1615989, at *5 (S.D. Cal. June 9, 2009); *Pineda v. Saxon Mortg. Services, Inc.*, No. SACV 08-1187 JVS (ANx), 2008 WL 5187813, at *3 (C.D. Cal. 2008).

1  foreclose because it was not in possession of the original note).  This claim fails for

2  exactly the same reason her Section 9313 claim fails—neither possession nor

3  production of the original promissory note is required in order to initiate a non-judicial

4  foreclosure.  *See Alford v. Wachovia Bank/World Sav.*, No. CV F 10-0091 LJO SMS,

5  2010 WL 415260, at *13 (E.D. Cal. Jan. 26, 2010); *Sicairos v. NDEX West LLC*, No.

6  08cv2014-LAB(BLM), 2009 WL 3854855, at *2-3 (S.D. Cal. Feb. 13, 2009).

7      Plaintiff's claim also fails because Section 2932.5 does not confer a private

8  right of action.  The text of Section 2932.5 does not suggest private individuals can

9  bring a suit to enforce its provisions, and courts have held the statute does not provide

10  one as a matter of law.  *See Alford*, 2010 WL 415260, at *12[10] ("The complaint

11  further alleges that 'the notices and foreclosure failed to conform with' section 2932.5

12  and California Commercial Code section 3302, et seq. Wachovia is correct that the

13  complaint lacks facts to support lack of conformity with the statutes and that the

14  statutes provide no private cause of action.").  This claim fails.

### 8.    Fraud (Ninth Cause of Action)

16      Plaintiff fails to plead fraud with the requisite specificity to survive dismissal.

17  "In alleging fraud or mistake, a party must state with particularity the circumstances

18  constituting fraud or mistake." *Federal Rules of Civil Procedure* 9(b).  Allegations of

19  fraud must be accompanied by "the who, what, when, where, and how" of the

20  misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal

21  quotation marks omitted).  Generalities and conclusions do not suffice. *See Small v.*

22  *Fritz Cos.*, 30 Cal.4th 167, 184 (2003).  Furthermore, when bringing an action for

---

[10] Additionally, Section 2932.5 applies to mortgages, not deeds of trust like the one in the instant case. *See Roque v. Suntrust Mortgage, Inc.*, No. C-09-00040 RMW, 2010 WL 546896, at *3 (Feb. 10, 2010) ("Section 2932.5 applies to mortgages, not deeds of trust. It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee. Trustees regularly foreclose on behalf of assignees for the original beneficiary. [Citation] Accordingly plaintiff's theory under § 2932.5 fails.").

fraud against a corporation, a plaintiff must also specifically allege the names of the persons who made fraudulent statements, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. *See Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991). The policy of liberal construction of the pleadings will not be invoked to sustain a pleading alleging fraud. *See G.D. Searle & Co. v. Superior Court*, 49 Cal.App.3d 22, 29 (1975); *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996).

Plaintiff has not complied with these heightened pleading requirements. Plaintiff alleges in her fraud claim that AHMSI committed fraud by "illegally transfer[ring]" the Property to DM Residential at the foreclosure sale because the Loan was in a security, and AHMSI thus had no authorization to sell the Loan to DM Residential. (FAC ¶ 182-183.) This allegation fails because as stated above, the fact that the Loan may have been in a security is irrelevant, and AHMSI had the authority to foreclose on the Property.[11] (RJN Exs. 12-13.) Plaintiff's fraud claim fails.

### 9.    *Commercial Code § 9313 (Tenth Cause of Action)*

Plaintiff alleges AHMSI was not in possession of the original promissory note and therefore not the party who may "perfect a security interest in tangible negotiable documents, goods, instruments, money, or tangible chattel paper by taking possession of the collateral" as defined in California *Commercial Code* § 9313. *First*, this claim fails because the California *Commercial Code* (**CUCC**) is the "wrong law." *Sicairos*, 2009 WL 3854855, at *2-3. Non-judicial foreclosure is not an action on a promissory note under the CUCC; rather, it is a process governed by the terms of the deed of trust and California *Civil Code* §§ 2924-2924k. So long as the provisions of the applicable

---

[11] Plaintiff also alleges the sale was fraudulent because she had recorded her *Lis Pendens* prior to the sale. (FAC ¶ 183.) This allegation does not save her fraud claim because the frivolous filing and recording of a *Lis Pendens* relating to property she does not own cannot serve as the basis for a fraud claim. It simply was not fraudulent for AHMSI to proceed to sale on a property which secured a debt that had not been paid in two years. Moreover, a *lis pendens* does not serve to stop a sale; rather it merely puts a potential buyer on notice that there may be a cloud on title.

1    deed of trust are followed, the trustee, mortgagee, beneficiary or an agent of these

2    entities can initiate the foreclosure process without holding the original note.

3        Thus, who holds the note is irrelevant to this process, and the fact that the note

4    on the Loan may be part of an investor pool did not affect AHMSI's ability to

5    foreclose.  *See Benham*, 2009 WL 2880232, at *3 (citing *Hafiz*, 652 F.Supp. 2d at

6    1043).  For all of plaintiff's insistence on strict adherence to procedural rules, she does

7    not point to any section which requires that the beneficiary of a deed of trust and

8    holder of a note be one and the same.  Plaintiff's made-up requirements do not form a

9    valid basis to challenge the foreclosure sale.  *See Gentsch v. Ownit Mortgage*

10   *Solutions Inc.*, No. CV F 09-0649 LJO GSA, 2009 WL 1390843, at *6 (E.D. Cal. May

11   14, 2009).

12       *Second*, plaintiff's claim fails because neither possession nor production of the

13   original promissory note is required in order to initiate a non-judicial foreclosure.  *See*

14   *e.g.*, *Civ. Code* § 2924; *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d

15   1177, 1186 (N.D. Cal. 2009); *Blanco v. Am. Home Mortg. Servicing, Inc.*, Case No.

16   2:2009cv00578, 2009 WL 4674904 , at *9 (E.D. Cal. Dec. 4, 2009); *Wood*, 2009 WL

17   1948844, at *4; *Hafiz*, *supra* (defendants did not lose the power of sale by virtue of

18   assignment of a note to a trust pool and the suggestion that a physical copy of the note

19   be produced is "moot and distracting").[12]

20       The allegation that AHMSI violated Section 9313 by not recording a

21   Substitution of Trustee (FAC ¶ 192) does not save her claim, as this allegation has

---

[12] Plaintiff's argument is essentially a rehash of the frivolous "show me the note" argument that California courts have rejected over and over again.  *See Gentsch*, 2009 WL 1390843, at *6 (E.D. Cal. May 14, 2009) ("Under Civil Code section 2924, no party needs to physically possess the promissory note."); *Putkkuri v. Recontrust Co.*, No. 08cv1919 WQH(AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); *see also San Diego Home Solutions, Inc. v. Recontrust Co.*, No. 08cv1970 L(AJB), 2008 WL 5209972, at *2 (S.D. Cal. Dec. 10, 2008); *Neal v. Juarez*, Civil No. 06cv0055 J(JMA), 2007 WL 2140640, at *8 (S.D. Cal. July 23, 2007).  The suggestion that the foreclosing entity must possess the original note is, as Judge Wanger in the Eastern District put it, "a blatant misrepresentation of the law."  *Nool v. Homeq Servicing*, No. 1:09-CV-0885, 2009 WL 2905745, at *4 (E.D. Cal. Sept. 4, 2009).

1   nothing to do with the note on her Loan, and regardless judicially-noticeable

2   documents demonstrate AHMSI did in fact comply with this foreclosure requirement.

3   Accordingly, plaintiff's tenth cause of action fails.

4   ### 10.   Quiet Title (Eleventh Cause of Action)

5   Plaintiff's claim to quiet title fails for two simple facts: (1) AHMSI is not

6   asserting any interest in title, and (2) plaintiff refuses to tender.  A mortgagor cannot

7   quiet title against the mortgagee without paying the debt secured.  *See Shimpones v.*

8   *Stickney*, 219 Cal.637, 649 (1934) *see also Mix v. Sodd*, 126 Cal. App. 3d 386, 390

9   (1991).  As explained *supra*, plaintiff's failure to tender is fatal to all of her claims.

10  Moreover, she fails to allege an adverse, superior claim to title, or the "date as of

11  which the determination [to quiet title] is sought".  *Code of Civ. Proc.* §§ 760.020,

12  761.020(d); *see Twain v. Harte Homeowner Ass'n v. Patterson*, 193 Cal.App.3d 184,

13  188 (1987).  Plaintiff pleads nothing to suggest AHMSI makes any claim to title to the

14  Property, which was sold to DM Residential in a proper foreclosure sale.  Indeed,

15  plaintiff cannot even allege she has title, further undermining her claim.  *See Andrade*

16  *v. Wachovia Mortgage FSB*, No. 09 CV 377 JM(WMc), 2009 WL 111182, at *5 (S.D.

17  Cal. April 21, 2009) (claim failed because it did not state plaintiff still had title to the

18  property).  Therefore, plaintiff's cause of action for quiet title should be dismissed.

19  ### 11.   Wrongful Foreclosure (Twelfth Cause of Action)

20  Plaintiff's wrongful foreclosure claim fails for the reasons set forth in Section

21  IV.C-D, above.

22  ### 12.   Trespass to Chattel and Conversion (Thirteenth and

23  ### Fourteenth Causes of Action)

24  Although plaintiff alleges to bring this claim against AHSMI, none of the

25  factual allegations in these causes of action are made against AHMSI, probably

26  because it had no role on the eviction process.  The claims also fail because they are

27  deficiently plead.  Conversion is the wrongful exercise of dominion over the property

28  of another.  *See Oakdale Village Group v. Fong*, 43 Cal.App.4th 539, 543 (1996).

The elements of this claim are "a conversion of the plaintiff's ownership or right to possession of the property at the time of the conversion; the defendant's conversion by a wrongful act or disposition of property rights; and damages." *Fong*, 43 Cal. App. 4th at 543. Also, plaintiff must show "an assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." *Id.* at 544.

"[T]he tort of trespass to chattels allows recovery for interferences with possession of personal property 'not sufficiently important to be classed as conversion, and so to compel the defendant to pay the full value of the thing with which he has interfered.'" *Jamgotchian v. Slender*, 170 Cal.App.4th 1384, 1400, 89 Cal.Rptr.3d 122, 134 (Cal.App. 2 Dist. 2009) (quoting Prosser & Keeton, Torts (5th ed.1984) § 14, pp. 85-86.) "Though not amounting to conversion, the defendant's interference must, to be actionable, have caused some injury to the chattel or to the plaintiff's rights in it" and defendant's "intentional interference with the possession of personal property [must have] proximately caused injury." *See id.* (quoting authority omitted).

Plaintiff fails to allege AHMSI had any part in moving and storing the items she claims were converted/trespassed upon. (*See* FAC ¶¶ 212-219, 220-226.) Her failure to allege AHSMI caused these alleged wrongdoings or how she was injured by anything AHMSI did is grounds for dismissal.

### 13.    Intentional Infliction of Emotional Distress (Fifteenth Cause of Action)

Plaintiff's claim for intentional infliction of emotional distress, like her claims for trespass to chattel and conversion, fail because she does not allege any wrongdoing committed by AHMSI. The elements of that tort are (1) extreme and outrageous conduct by the defendant with intent to cause, or recklessly disregarding the probability of causing, emotional distress; (2) plaintiff's suffering severe emotional

distress; and (3) actual and proximate causation of emotional distress by the defendant's conduct. *See Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593 (1979).

> In order to meet the requirements of the first element, the alleged conduct
>
> must be so extreme as to exceed all bounds of that usually tolerated in a civilized community. Generally, conduct will be found actionable where the recitation of the facts to an average member of the community would arouse resentment against the actor, and lead him to exclaim, 'Outrageous!'

*KOVR-TV, Inc. v. Superior Court*, 31 Cal.App.4th 1023, 1028 (1995). Examples of conduct courts have deemed extreme and outrageous include threats of violence, sexual assault of a minor, and situations of continued harassment, coupled with knowledge of a plaintiff's special susceptibility to emotional distress. *See Symonds v. Mercury Sav. & Loan Ass'n*, 225 Cal.App.3d 1458, 1469 (1990); *DeRose v. Carswell*, 196 Cal.App.3d 1011, 1024 n.6 (1987); *Kiskeskey v. Carpenters' Trust for So. California*, 144 Cal.App.3d 222, 229-30 (1983). Plaintiff provides absolutely no facts to support her claim for intentional infliction of emotional distress against AHMSI. Fatally, she does not allege AHMSI was involved in her eviction from the Property. The claim fails against AHMSI.

### 14.   Conspiracy (Sixteenth Cause of Action)

Plaintiff's barebones conspiracy allegations warrant dismissal. The doctrine of civil conspiracy "imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510 (1994). To render a defendant liable for the wrongs of another, the complaint must allege: (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts. *See Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571, 1581 (1995). The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose. *See Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 784 (1978).

1    This claim is deficient in that plaintiff absolutely fails to allege specific acts

2    committed by each individual defendant corresponding to the elements of the

3    conspiracy. *E.g., Accuimage Diagnostics Corp. v. Teraracon*, 260 F.Supp.2d 941,

4    947-48 (N.D. Cal. 2003). Plaintiff offers no details at all in her FAC, citing no dates,

5    persons or specific terms of the conspiracy. The claim is deficient.

6    ### 15.   Declaratory Relief (Seventeenth Cause of Action)

7    Plaintiff asks the Court to declare the foreclosure sale void, and requests "title

8    to the Subject Property remain in" her name. (FAC ¶ 243.) Plaintiff is not entitled to

9    this declaration because declaratory relief, which is equitable in nature, is barred by

10   virtue of plaintiff's unclean hands and her failure to satisfy the tender rule. Further,

11   declaratory relief is not an independent claim, but a form of relief, which falls with

12   plaintiff's FAC. *See*, *e.g.*, *City of Hollister v. Monterey Ins. Co.*, 165 Cal.App.4th

13   455, 480 (2008) ("Proceedings for declaratory relief generally sound in equity").

14   Moreover, this relief is not available for plaintiff because the foreclosure sale on the

15   Property has already occurred, and plaintiff has not owned it since October of 2009.

16   Since the Property has already been sold, the Court cannot declare that title "remain"

17   in her name. Even if plaintiff's claim for declaratory relief was viable, the request

18   cannot be entertained because the foreclosure was proper under California law, as

19   stated above, and as evidenced by judicially-noticeable documents. The "claim" fails.

20   ### V.    CONCLUSION

21   Plaintiff's FAC, like her initial one, fails to allege any facts to support the

22   causes of action as maintained against AHMSI. AHMSI thus respectfully requests the

23   Court grant its motion to dismiss, with prejudice.

24   DATED:  November 5, 2010        **AKERMAN SENTERFITT LLP**

25                                   By: /s/ Victoria E. Edwards

26                                        Justin D. Balser
                                         Victoria E. Edwards
27                                   Attorneys for Defendant
                                     AMERICAN HOME MORTGAGE
28                                   SERVICING, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28