1
2
3
4
5

HARRIS L. COHEN, A PROF. CORP.
HARRIS L. COHEN, ESQ., State Bar # 119600
5305 Andasol Ave.  e mail hcohen00@aol.com
Encino, CA 91316
tel (818) 905-5599
fax (818) 905-5660

6
7
8

Attorney for Defendants
DM Residential Fund II, LLC, Strategic Acquisitions,
Inc.,  Strategic Realty, Inc. BDR, Inc. Jon Buxer, Morris
Sade and Colleen Riojas

9

UNITED STATES BANKRUPTCY COURT

10

CENTRAL DISTRICT OF CALIFORNIA

11
12

| | |
|---|---|
| MARGARITA GERTRUDIZ NOVOA-ALFARO,<br><br>          PLAINTIFF,<br>v.<br>ARGENT MORTGAGE COMPANY, LLC., a Delaware LLC, PROGRESSIVE FINANCIAL, a California Corp, TOWN AND COUNTRY TITLE SERVICES, INC., a California Corporation, AMERICAN HOME MORTGAGE SERVICING INC., a Delaware Corp., GMAC MORTGAGE, LLC, a Delaware LLC, ACC CAPITAL HOLDINGS, a Delaware Corp., CITI RESIDENTIAL LENDING, a Delaware Corp., HILLWOOD ESCROW INCORPORATED, a California Corp., FIDELITY NATIONAL TITLE COMPANY, a California Corp, DM RESIDENTIAL FUND II LLC, a Delaware LLC, PARTNERS CAPITAL SOLUTIONS FUND LP, a Del. LP, CITIGROUP, a business entity form unknown, CR TITLE SERVICES, DEFAULT RESOLUTION NETWORK, INC., a business entity form unknown, BDR, INC. A Calif. Corp., STRATEGIC ACQUISITIONS REALTY, A Calif. corp., STRATEGIC REALTY, A Calif. corp., Jon Buxer, an indiv., Colleen Riojas, an indiv., Morris Sade, an | Case No. 1:10-bk-10102-KT<br><br>CHAPTER 7<br><br>Adv. No. 10-1236-KT<br><br><br>**DM RESIDENTIAL FUND II, LLC'S, STRATEGIC ACQUISITIONS, INC.'S, STRATEGIC REALTY, INC.'S, BDR, INC.'S, JON BUXER'S, MORRIS SADE'S AND COLLEEN RIOJAS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: February 3, 2011<br>Time: 3:00 p.m.<br>Courtroom: 301 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# TABLE OF CONTENTS

| POINT | PAGE |
|---|---|
| I.    INTRODUCTION | 2 |
| II.   ALL CAUSES OF ACTION DESCRIBED IN THE COMPLAINT AGAINST DMRF AROSE PRE-PETITION AND ARE ASSETS OF THE ESTATE NOT ASSETS OF THE DEBTOR. THEREFORE, THE DEBTOR LACKS STANDING TO ASSERT THEM. ADDITIONALLY, BY DEEDING THE PROPERTY TO A THIRD PARTY THE DEBTOR LACKS STANDING TO ASSERT HER CLAIMS. | 3 |
| III.   PLAINTIFF HAS NO CLAIM AGAINST DMRF UNDER CALIFORNIA CIVIL CODE § 2932.5 OR COMMERCIAL CODE § 9313. | 4 |
| IV.   PLAINTIFF'S FRAUD CLAIM IS NOT PLEAD WITH SPECIFICITY AND FAILS TO ALL STATE A CLAIM FOR RELIEF AGAINST DMRF | 5 |
| V.   PLAINTIFF'S FAILURE TO TENDER AND TRANSFER OF THE PROPERTY BARS ALL CAUSES OF ACTION BASED ON THE TITLE TO THE PROPERTY AND THE FORECLOSURE. | 7 |
| VI.   ALLOWING ACCESS TO REMOVE PERSONAL PROPERTY AND THEREAFTER NOT DOING SO DOES NOT STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS ALLEGED IN THE FIFTEENTH CAUSE OF ACTION. | 10 |
| VII.   PLAINTIFF'S CONSPIRACY CAUSE OF ACTION IS BARRED BECAUSE CONSPIRACY IS NOT A CAUSE OF ACTION, BUT ONLY A LEGAL DOCTRINE. | 11 |

**VIII.   PLAINTIFF'S DECLARATORY RELIEF CAUSE OF ACTION DOES NOT ADDRESS ANY ISSUES NOT ADDRESSED IN THE OTHER CAUSES OF ACTION AND THEREFORE DOES NOT SURVIVE A MOTION TO DISMISS AS TO THESE DEFENDANTS.**                                          **12**

# TABLE OF AUTHORITIES

**AUTHORITY**                                                                                    **PAGE**

11 U.S.C. § 541(a)                                                                                  3

*Civil Code* § 1495                                                                                 9

Civil Code § 2932.5                                                                                 4

Commercial Code § 9313.                                                                             4

Civil Code § 47.                                                                                    5

*Fed. R. Civ. P.* 9(b).                                                                             5

4 Miller & Starr, California Real Estate (2d ed. 1989) § 9:154, at 507-508                           8

Miller & Starr, Cal. Real Estate (3d ed. 2000) § 10:212 at 653-54                                    8


*Sitanggang v. IndyMac Bank, FSB*, No. CV F 09-0367 LJO SMS, 2009

WL 1286484 (May 6, 2009)                                                                            8, 9

*Wong v. Home Loan Servs., Inc.*, 2:09-cv-0847 JAM JFM PS,

2009 WL 1705667, at *3 (E.D. Cal. June 17, 2009)                                                     9

*Jump v. Aurora Loan Servs. LLC, et al.*, No. 09 cv 189 W (NLS), 2009

WL 2020128 (S.D. Cal. July 10, 2009)                                                                10

*Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130 (C.D. Cal. 1996).                              3

*Sicairos v. NDEX West, LLC*, 2009 U.S. Dist. LEXIS 11223, 2009

WL 385855, *3 (S.D. Cal. 2009)                                                                       4

*Alford v. Wachovia Bank/World Savings Bank*, 2010 U.S. Dist.

Lexis 14060, *37 (Jan. 26, 2010).                                                                   4

*Roque v. Suntrust Mortgage, Inc.*, 2010 U.S. Dist. Lexis 11546 *7-8

(February 10, 2010)                                                                                 5

*In re Golden Plan of Cal., Inc.*, 829 F.2d at 708-11.                                               5

4

*Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)                              5

*In re Bailey*, 306 B.R. 391, 393 (Bankr. D. Col. 2004)                            3

*In re Reed*, 89 B.R. 100, 104 (Bankr .C.D. Cal. 1988).                            4

*In re Maroun*, 427 B.R. 200, 206 (Bankr. D.N.H. 2010).                            5

*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212, 215, 786 P.2d 365.               6

*Navellier v. Sletten* (2003), 106 Cal. App. 4th 763, 770.                         6

*Bailey v. Outdoor Media Group*, 155 Cal. App. 4th 778, 793 (2007).               7

*Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575,

578-79 (1984).                                                                     7, 8

*U.S. Cold Storage California v. Great W. Sav. & Loan Ass'n*, 165 Cal.

App.3d 1214 (1985).                                                                8

*United States Credit Bureau v. Manning* (1957), 147 Cal. App. 2d 558,

564, 305 P.2d 970.).                                                               8

*Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 121 (1971)                 8

*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996)                  8

*Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003).                             8

*Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 184 (2003).                     5

*Shimpones v. Stickney*, 219 Cal. 637, 649 (1934).                                9

*Fletcher v. Western Nat'l Life Ins. Co.* (1970), 10 Cal. App. 3d 376, 394.       11

*Molko v. Holy Spirit Ass'n*, (1988) 46 Cal. 3d 1092, 1122                         11

*Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991)                        11

*Yu v. Signet Bank*, 69 Cal. App. 4th 1377, 1398  (1999).                          11

5

*Fowler v. Varian Associates, Inc.* (1987) 196 Cal. App. 3d 34, 44.    11

*Wyatt v. Union Mortgage Co.* (1979) 24 Cal. 3d 773, 784, 157 Cal.
Rptr. 392, 298 P.2d 45.    12

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal.
4th 503, 510-11.    12

indiv., AMERICAN AUCTIONEERS GROUP, )
INC., a Calif., corp. and all Persons Unknown, )
Claim in Any Legal Or Equitable Right, Title, )
Estate, Lien, Or Interest In The Property )
Described In The Complaint Adverse To )
Plaintiff's Title, Or Any Cloud On Plaintiff's )
Title Thereto; and DOES 1 through 100, )
inclusive )
)
DEFENDANTS. )
)

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

1.    Plaintiff Margarita Gertrudiz Novoa-Alfaro ("**Plaintiff**") filed this lawsuit to challenge the foreclosure on property she owned prior to her bankruptcy petition being filed, but which she since has deeded to a third party.

2.    In August 2005 Plaintiff borrowed money from Argent secured by a first deed of trust on the property at 9516 Orion Ave., N. Hills, CA 91343 (the "Property") (Second Amended Complaint ("SAC") ¶ 38).  On the same date she borrowed additional funds from Argent secured by a second deed of trust on the Property. (SAC ¶ 39).

3.    Plaintiff apparently alleges she submitted a fraudulent loan application to procure the loans alleging it was Argent's failure to verify her income that led to the approval of her loan that should not have been approved. (SAC ¶ 45, 46, 47).

4.    In contrast to her claim that she was unable to afford the difference between her initial $3,704.83 payment per month and her adjusted $4,505.06 payment per month (SAC ¶ 44), she alleges she invested an additional $100,000 in the Property. (SAC ¶ 50).

5.    After the creditor claimed plaintiff defaulted, a Notice of Default was recorded. (SAC ¶ 61). Thereafter, a Notice of Sale was recorded on August 6, 2008. (SAC ¶ 62). Interestingly, plaintiff claimed she was not in default despite admitting she could not afford the payments.  (SAC ¶ 46, 52, 63).

2

6.      After the default in payments, DM Residential Fund II, LLC ("DMRF")
purchased the Property at a foreclosure sale. (Complaint ¶ 69). DMRF was formed on May 20,
2009 and was not in existence when Plaintiff borrowed the funds. (Request for Judicial Notice
("RJN") #1).

6.      Thereafter, DMRF filed an unlawful detainer and a motion for relief from the
automatic stay in Plaintiff's bankruptcy case and this Court on March 3, 2010 granted a motion
to annul the stay retroactive to the petition date which was binding in any future filing. RJN #2.

7.      Although not disclosed in the complaint, on April 6, 2010, Plaintiff quitclaimed
all her interest in the Property to Ebed David Aguilera, a married man as his sole and separate
property. RJN #3

8.      Plaintiff did not assert any of the first six causes of action against any of these
responding defendants.

9.      Plaintiff's initial schedule "B" filed on 1/19/10 listed very few assets in the house
such as $300.00 of household goods and furnishings, $100.00 of books and compact disks, $100
of clothing, $100 of watches and $5,000 of business inventory. (RJN #4).

II.     **ALL CAUSES OF ACTION DESCRIBED IN THE COMPLAINT
AGAINST DMRF AROSE PRE-PETITION AND ARE ASSETS OF THE ESTATE NOT
ASSETS OF THE DEBTOR. THEREFORE, THE DEBTOR LACKS STANDING TO
ASSERT THEM. ADDITIONALLY, BY DEEDING THE PROPERTY TO A THIRD
PARTY THE DEBTOR LACKS STANDING TO ASSERT HER CLAIMS**

The Debtor may not prosecute causes of action owned by the estate. All causes of action
belong to the chapter 7 estate. 11 U.S.C. § 541(a). "The debtor lacks standing in a chapter 7
case to prosecute claims that are property of the estate." *In re Bailey*, 306 B.R. 391, 393 (Bankr.
D. Col. 2004). Thus only the trustee—not the debtor—can prosecute such an action, unless the
legal claim is abandoned by the trustee. *Griffin v. Allstate Ins. Co.*, 920 F. Supp. 127, 130 (C.D.
Cal. 1996). The filing of a no asset report does not abandon assets, only an order of

3

8

abandonment or order closing the case abandon assets. *In re Reed*, 89 B.R. 100, 104 (Bankr .C.D. Cal. 1988). Therefore, the Debtor lacks standing to assert the causes of action relating the pre-petition foreclosure.

Additionally, Plaintiff deeded the Property on April 6, 2010, by quitclaim deed to Ebed David Aguilera, a married man as his sole and separate property. RJN #3. Since Plaintiff has no interest in the Property she lacks standing to assert any real property based claims against any of these defendants.

### III.    PLAINTIFF HAS NO CLAIM AGAINST DMRF UNDER CALIFORNIA CIVIL CODE § 2932.5 OR COMMERCIAL CODE § 9313.

Plaintiff's seventh claim under § 2932.5 is essentially the same argument she advances in her tenth cause of action for a determination of the nature, extent, and validity of the lien under Commercial Code § 9313. This claim is that the other defendants could not properly foreclose because they were not in possession of the original promissory note and did not have the power to foreclose. Neither claim gives rise to a cause of action against DMRF as the purchaser at the foreclosure sale.

"Under Civil Code section 2924, no party needs to physically possess the promissory note." *Sicairos v. NDEX West, LLC*, 2009 U.S. Dist. LEXIS 11223, 2009 WL 385855, *3 (S.D. Cal. 2009) (citing Cal. Civ. Code, § 2924(a)(1)) ... A claim premised on the "produce-the-note" theory lacks legal merit" *Alford v. Wachovia Bank/World Savings Bank*, 2010 U.S. Dist. Lexis 14060, *37 (Jan. 26, 2010).

Also, there is no private cause of action under 2932.5. *Id.* at *35 ("The complaint further alleges that 'the notices and foreclosure failed to conform with' *section 2932.5* and *California Commercial Code section 3302, et seq.* Wachovia is correct that the complaint lacks facts to support lack of conformity with the statutes <u>and that the statutes provide no private cause of action</u>." (Emphasis added)).

4

Finally, section 2932.5 applies to mortgages, not deeds of trust such as is present in the instant case. *Roque v. Suntrust Mortgage, Inc.*, 2010 U.S. Dist. Lexis 11546 *7-8 (February 10, 2010) (*Section 2932.5* applies to mortgages, not deeds of trust. It applies only to mortgages that give a power of sale to the creditor, not to deeds of trust which grant a power of sale to the trustee. Trustees regularly foreclose on behalf of assignees for the original beneficiary. *In re Golden Plan of Cal., Inc., Inc.*, 829 F.2d at 708-11. Accordingly plaintiff's theory under § 2932.5 fails.")

Commercial Code § 9313, discusses how to perfect a lien on a negotiable instrument. Since the foreclosing creditor was not required to perfect a security interest in the note being foreclosed on, § 9313 is irrelevant and does not provide any relief to the Plaintiff or serve as a basis for a cause of action.

Therefore, these causes of action fail to set forth viable claims against DMRF.

## IV.    PLAINTIFF'S FRAUD CLAIM IS NOT PLEAD WITH SPECIFICITY AND FAILS TO ALL STATE A CLAIM FOR RELIEF AGAINST DMRF

The ninth cause of action for fraud is barred as a matter of law as to DMRF because it only asserts claims based on pleadings in a judicial proceeding and statements made in that proceeding which are absolutely privileged under Civil Code § 47.

Plaintiff fails to plead fraud with the requisite specificity in order to survive dismissal. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Fed. R. Civ. P.* 9(b). Allegations of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted). Generalities and conclusions do not suffice. *See Small v. Fritz Companies, Inc.*, 30 Cal.4th 167, 184 (2003). "'Where [ ] multiple defendants are involved, each defendant's role in the fraud must be particularized.'" *In re Maroun*, 427 B.R. 200, 206 (Bankr. D.N.H. 2010).

Here Plaintiff alleges that DMRF made certain allegations in the unlawful detainer

complaint after it purchased the Property at the foreclosure sale. (SAC ¶ 180, 181). She also

alleges that it obtained a writ (of possession) after it prevailed in the unlawful detainer complaint.

(SAC ¶ 182). Plaintiff further alleges that she had filed a lis pendens at the time of foreclosure

sale and that DMRF purchased the Property after the lis pendens was filed. (SAC ¶ 184).

Plaintiff concludes her allegation claiming that the fraud was perpetrated by DMRF on the

unlawful detainer court to get the order for possession.

This cause of action fails as a matter of law because pleadings and communications in a

judicial proceeding are absolutely privileged. Civil Code § 47. The litigation privilege

immunizes litigants from liability for torts, other than malicious prosecution, which arise from

communications in judicial proceedings. *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212, 215,

786 P.2d 365.) The privilege generally applies to any communication by a litigant in a judicial

proceeding that is made 'to achieve the objects of the litigation" and has "some connection or

logical relation to the action.' (*Id.* at p. 212, 266 Cal.Rptr. 638, 786 P.2d 365.) The primary

purpose of the privilege is to afford litigants "the utmost freedom of access to the courts without

fear of being harassed subsequently by derivative tort actions." (*Id.* at p. 213, 266 Cal.Rptr. 638,

786 P.2d 365.)… Pleadings and process in a case are generally viewed as

privileged communications. (*Rubin v. Green* (1993) 4 Cal.4th 1187, 1195, 17 Cal.Rptr.2d 828,

847 P.2d 1044 [complaint and subsequent pleadings in case were privileged]" *Navellier v.

Sletten* (2003), 106 Cal. App. 4th 763, 770.

Since Plaintiff's cause of action is based on pleadings and statements in a judicial

proceeding (the unlawful detainer action) it is barred as a matter of law. Addiitonally, since the

Court already granted relief from the automatic stay to proceed to evict Plaintiff, her

protestations in a separate lawsuit lack merit as the merits of the right to proceed with the

eviction were determined in the state court unlawful detainer and again in the relief from stay

motion. (RJN #2).

DEFENDANTS' MOTION TO DISMISS

Further, purchasing property at a foreclosure sale, notwithstanding that a lis pendens has been recorded, does not give rise to a fraud cause of action.

A lis pendens merely gives constructive notice that an action has been filed affecting real property.  After recordation, any purchaser, encumbrance or other transferee of the real property described in the notice shall be deemed to have notice of the action.  *Bailey v. Outdoor Media Group*, 155 Cal. App. 4th 778, 793 (2007).  Importantly, there is no basis to allege that the mere filing of a lis pendens bars a foreclosure sale or purchasing at such a sale.  It simply serves as a notice statute.

Since plaintiff has failed to allege that DMRF, the purchaser at the foreclosure sale defrauded her, the motion to dismiss should be granted without leave to amend.

V.     **PLAINTIFF'S FAILURE TO TENDER AND TRANSFER OF THE PROPERTY BARS ALL CAUSES OF ACTION BASED ON THE TITLE TO THE PROPERTY AND THE FORECLOSURE.**

Plaintiff is also procedurally barred from bringing this action because she failed to tender the amount due on her loan before bringing this lawsuit, and failed to even allege a tender, in contravention of California's tender rule.  Not only did she not allege a tender of the amount due but she failed to allege any tender.

If a defaulting borrower requests relief in equity, i.e., setting aside or challenging a foreclosure proceeding, the borrower must first do equity himself by paying the entire loan amount prior to the sale.  *See Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984).

"In the context of a defaulting trustor's attack upon an irregular sale, *Karlsen, supra,* 15 Cal.App.3d 112, 121, 92 Cal.Rptr. 851, holds that once the trustor fails to effectively exercise his right to redeem, the sale becomes valid and proper. **A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender.**

12

(*Karlsen supra,* at p. 121, 92 Cal.Rptr. 851.)" *Arnolds Management Corp. v. Eischen* (1984),
158 Cal.App.3d 575, 579. (Emphasis added).

Thus, before a borrower can maintain a case challenging a foreclosure sale, the borrower
must actually tender the entire loan amount prior to the sale. *See* 4 Miller & Starr, California
Real Estate (2d ed. 1989) § 9:154, at 507-508; *U.S. Cold Storage California v. Great W. Sav. &
Loan Ass'n*, 165 Cal.App.3d 1214 (1985). It is a borrower's responsibility to make an
unambiguous tender of the entire amount due on the loan or else the tender is of no effect.
*Arnolds Management Corp. v. Eischen* (1984), 158 Cal.App.3d 575, 580 ("In addition, plaintiffs'
action must fail because their tender of payment was not an unconditional offer to pay all of the
sums necessary to cure the default. 'A tender is an offer of performance made with the intent to
extinguish the obligation. (Civ. Code § 1485' (*Still v. Plaza Marina Commercial Corp.* (1971),
21 Cal.App.3d 378, 385, 98 Cal.Rptr. 414.) A tender must be one of full performance (Civ.Code,
§ 1486) and must be unconditional to be valid. (Civ.Code, § 1494; *Still v. Plaza Marina
Commercial Corp., supra,* 21 Cal.App.3d at p. 385, 98 Cal.Rptr. 414.) The giving of a note by a
debtor for the amount of the debt does not constitute payment unless the parties agree. (*United
States Credit Bureau v. Manning* (1957), 147 Cal. App. 2d 558, 564, 305 P.2d 970.)."

The "tender rule" applies not only to the Plaintiff's request to set aside a foreclosure, but
also to any causes of action that derive from the wrongful foreclosure allegations or seek redress
from foreclosure. *Arnolds*, 158 Cal.App.3d at 578-80. Any cause of action implicitly integrated
with allegations of an irregular sale thus fails unless the trustor can allege and establish a valid
tender. *See id.* at 579. Absent an alleged and actual tender, the complaint fails to state a cause of
action. *See Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal.App.3d 112, 121 (1971); *Abdallah v.
United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996); Miller & Starr, Cal. Real Estate (3d ed.
2000) § 10:212 at 653-54 ("Without an allegation of such tender in the complaint that attacks the
validity of the sale, the complaint does not state a cause of action.").

The tender rule is strictly applied. *See Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439
(2003). The Eastern District of California in *Sitanggang v. IndyMac Bank, FSB*, No. CV F 09-

13

0367 LJO SMS, 2009 WL 1286484 (May 6, 2009), demonstrated the strict nature of this rule when it dismissed a challenge to set aside a foreclosure sale. The court found "[p]laintiff's inability to make monthly promissory note payments reflects inability to tender amounts owed to bar her claims and requested relief," since "[s]etting aside the foreclosure is useless" if the borrower could not tender. *Sitanggang*, 2009 WL 1286484, at *2. The same court also found a month later that the inability to tender was even a valid basis to deny leave to amend. *See Wong v. Home Loan Servs., Inc.*, 2:09-cv-0847 JAM JFM PS, 2009 WL 1705667, at *3 (E.D. Cal. June 17, 2009) (leave to amend is futile when it does not appear that plaintiff could tender the amount owed in good faith or much less attack the foreclosure proceedings).

Recently, in *Jump v. Aurora Loan Servs. LLC, et al.*, No. 09 cv 189 W (NLS), 2009 WL 2020128 (S.D. Cal. July 10, 2009), Judge Whelan dismissed a similar complaint in part because the plaintiff failed to tender the debt. Specifically, the Court held:

> Defendant's unopposed motion demonstrates that Plaintiffs' action is barred as a result of Plaintiffs' failure to allege tender of the amounts owed on the Note. A party has not alleged sufficient facts to state a cause of action unless he has tendered the obligation in full.

*Id.* at *2.

Here, plaintiff does not allege to have paid the full amount due on the loan. Indeed, plaintiff cannot even make a plausible offer of tender, since she was $86,963.64 behind as of March 24, 2009 as recited in the Notice of Default and Election to Sell. An offer to tender is of no effect if the offeror cannot make it good. *Civil Code* § 1495; *see Karlsen*, 15 Cal.App. 3d at 118 (citing *Horan v. Harrington*, 130 Cal. 142 (1900)). Given that plaintiff has not tendered and cannot tender, she lacks standing to bring all of her claims and the complaint fails as a matter of law.

As explained *supra*, plaintiff's failure to tender is fatal. It is settled law in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured. *See Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). Plaintiff has not tendered the amount due on her loan, nor can she.

14

In addition to failing to tender, Plaintiff cannot quiet title (eleventh cause of action) because she transferred the Property on April 6, 2010, when she quitclaimed the Property to Ebed David Aguilera, a married man as his sole and separate property, and Plaintiff no interest in the Property to quiet the title to.

Plaintiff's wrongful foreclosure cause of action (twelfth cause of action) suffers from the same infirmities. Furthermore, since DMRF did not foreclose on the Property, it cannot have any liability to Plaintiff for wrongful foreclosure. This is simply compounded by the fact that by her own act she no longer has any interest in the Property.

## VI.   ALLOWING ACCESS TO REMOVE PERSONAL PROPERTY AND THEREAFTER NOT DOING SO DOES NOT STATE A CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS ALLEGED IN THE FIFTEENTH CAUSE OF ACTION.

Plaintiff admits that she was given access to her $300.00 of household goods and furnishings, $100.00 of books and compact disks, $100 of clothing, $100 of watches and $5,000 of business inventory.[1]  Certainly she could have taken whatever she chose to take when she was given access to it initially.  **She does not deny that she was provided access to all her personal property on April 14, 2010**. (Complaint ¶ 214).  Therefore, any valuables were available for her to take at that moment.  It must be assumed she would have taken wither her any property that was particularly valuable.  Although, given her schedule B it is clear there was not any single asset that had particularly significant monetary value.

---

[1] Plaintiff's 1/19/10 Schedule "B" disclosed these amounts. After the first motion to dismiss identified how her damages would be limited by this she increased the value of her schedule "B" property on a 9/13/10 amendment. The timing of the amendment should make the reason for the increase obvious to the Court.

15

DEFENDANTS' MOTION TO DISMISS

To be liable for intentional infliction of emotional distress ("IIED") the defendant's conduct must be "outrageous conduct." *Fletcher v. Western Nat'l Life Ins. Co.* (1970), 10 Cal. App. 3d 376, 394.

Conduct is outrageous when it exceeds all bounds of common decency usually tolerated by a civilized society. *Molko v. Holy Spirit Ass'n*, (1988) 46 Cal. 3d 1092, 1122; *see also Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991) (to be outrageous, conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community"); *Yu v. Signet Bank*, 69 Cal. App. 4th 1377, 1398 (1999). "Moreover, ' '[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery.' ' (*Fuentes v. Perez* (1977) 66 Cal.App.3d 163, 172, 136 Cal.Rptr. 275, quoting fromRest.2d Torts, § 46, com. h, at p. 77; cf. *Alcorn v. Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 499, 86 Cal.Rptr. 88, 468 P.2d 216.)" *Fowler v. Varian Associates, Inc.* (1987) 196 Cal. App. 3d 34, 44.

**Here, it is admitted in the complaint that Plaintiff was provided access to all her personal property and could have taken any item of particularly significant value.**

Even if, taking the complaint as being accurate, later she was denied access to $500.00 of goods and some business property, that would not rise to the level of conduct necessary to state a cause of action for intentional infliction of emotional distress as it was not "outrageous conduct" beyond all bounds of that usually tolerated in a civilized community."

## VII.    PLAINTIFF'S CONSPIRACY CAUSE OF ACTION IS BARRED BECAUSE CONSPIRACY IS NOT A CAUSE OF ACTION, BUT ONLY A LEGAL DOCTRINE.

Plaintiff's sixteenth cause of action alleges conspiracy among various defendants. However, conspiracy is not a cause of action."**Conspiracy is not a cause of action**, but a legal

DEFENDANTS' MOTION TO DISMISS

1   doctrine that imposes liability on persons who, although not actually committing a tort

2   themselves, share with the immediate tortfeasors a common plan or design in its perpetration.

3   (*Wyatt v. Union Mortgage Co.* (1979) 24 Cal. 3d 773, 784, 157 Cal. Rptr. 392, 298 P.2d 45.) By

4   participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts

5   of other coconspirators within the ambit of the conspiracy. (*Ibid.*) In this way, a coconspirator

6   incurs tort liability co-equal with the immediate tortfeasors." *Applied Equipment Corp. v. Litton*

7   *Saudi Arabia Ltd.* (1994) 7 Cal. 4th 503, 510-11.

8        Since conspiracy is not a cause of action, the Court should dismiss this cause of action.

9

10

11  **VIII.    PLAINTIFF'S DECLARATORY RELIEF CAUSE OF ACTION DOES**

12  **NOT ADDRESS ANY ISSUES NOT ADDRESSED IN THE OTHER CAUSES OF**

13  **ACTION AND THEREFORE DOES NOT SURVIVE A MOTION TO DISMISS AS TO**

14  **THESE DEFENDANTS.**

15       Plaintiff's unnumbered eighteen cause of action for declaratory relief merely duplicates

16  the prior causes of action relating to the foreclosure of the Property that Plaintiff no longer owns

17  any interest in.

18       This is again barred by her failure to tender before the foreclosure sale and by her transfer

19  of the Property prior to filing this action.

20

21  Dated: November 5, 2010          HARRIS L. COHEN, A PROF. CORP.

22

23                                   By:

24                                        Harris L. Cohen, Esq.
                                          Attorney for DM Residential Fund II, LLC, Strategic
25                                        Acquisitions, Inc.,  Strategic Realty, Inc. BDR, Inc. Jon
                                          Buxer, Morris Sade and Colleen Riojas
26

27

28

17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 5305 ANDASOL AVE., ENCINO, CA 91316

The foregoing document described as **DM RESIDENTIAL FUND II, LLC'S, STRATEGIC ACQUISITIONS, INC.'S, STRATEGIC REALTY, INC.'S, BDR, INC.'S, JON BUXER'S, MORRIS SADE'S AND COLLEEN RIOJAS' MOTION TO DISMISS SECOND AMENDED COMPLAINT, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** will be served or was served in the manner indicated below:

<u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 11/5/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Justin D Balser**    justin.balser@akerman.com, toni.domres@akerman.com;kristine.elliott@akerman.com;luke.sosnicki@akerman.com;victoria.edwards@akerman.com;elizabeth.streible@akerman.com
- **Harris L Cohen**    hcohen00@aol.com
- **Elizabeth (SV) F Rojas (TR)**    cacb_ecf_sv@ch13wla.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov

☐Service information continued on attached page

<u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**</u>(indicate method for each person or entity served):
On 11/5/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail and/or with an overnight mail service addressed as follows:
Margarita Gertrudiz Novoa-Alfaro  - **US MAIL**
15701 Lassen St
North Hills, CA 91343

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/5/10-------------------------HARRIS L. COHEN | | |
| Date | Type Name | Signature |

DEFENDANTS' MOTION TO DISMISS